Margarge & Green Company, Appellant, *v.* Peter W. Ziegler, James G. Ziegler, M. J. Ziegler, John W. Ziegler, A. C. Ziegler, D. W. Kaskey, Jr., and the Franklin News Company.

*Corporations—Personal liability of directors—Act of 1874—Failure to file certificate.*

The Act of April 29, 1874, P. L. 73, sec. 39, while directing the filing of the certificate described therein, imposes no liability for a neglect to file it and none can be enforced.

*Actions—Equity—Remedy against directors of a corporation for debt in excess of stock.*

The remedy against directors of a corporation personally for debt contracted in excess of the capital stock in violation of sec. 9, clause 8 of the act of April 29, 1874, is in a court of equity, a tribunal peculiarly fitted for the adjudication and enforcement of claims of this character.

*Corporations—Personal liability of directors for excessive debt.*

Directors being personally liable for debts created by them in excess of the capital stock, this liability cannot be evaded by applying the corporate assets to such indebtedness, to the prejudice of the corporation or of third parties. This is not such reduction of the debt as will relieve the directors from personal liability.

*Directors' personal liability for debts—Sufficient averments of pleadings.*

An application of its property which, in effect, extinguishes a corporation, cannot be viewed as a reduction of its indebtedness in relief of the liability of the directors for indebtedness unlawfully contracted; but in order to hold the directors liable under these circumstances, the facts upon which they arise must be set forth in the pleadings with sufficient certainty.

They cannot be inferred or assumed from the existence of facts merely showing a more limited liability.

Argued Oct. 7, 1898. Appeal, No. 94, Oct. T., 1898, by plaintiff, from decree of C. P. No. 3, Phila. Co., June T., 1897, No. 797, dismissing bill in equity. Before RICE, P. J., ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Hearing on bill and answer.

It appears from the record that suit was brought to enforce personal liability of directors of the Franklin News Company for indebtedness of said company contracted by the directors to the amount of $27,000 in excess of the capital stock. It also appears that the defendant corporation had failed to file the certificate required by section 39, clause 8 of the corporation act of April 29, 1874. The court below entered the following decree:

[And now, to wit: May 14, 1898, it is ordered and decreed that a bill in equity is not the proper mode for the plaintiff to obtain the relief prayed for in the bill, except discovery, and as the discovery prayed for has been made, the other prayers for relief are refused, the costs to be equally divided between the plaintiff and the defendants.] [1] Plaintiffs appealed.

*Errors assigned* among others were (1) in entering decree, reciting same. (3) In not entering a decree that the defendants should pay the plaintiff the sum of $794.90 together with interest thereon from July 6, 1897.

*Theodore F. Jenkins,* for appellant.—Under the act of April 29, 1874, the directors are clearly personally liable: Pomeroy v. Sterrett, 183 Pa. 17.

It is submitted that a bill in equity is the proper proceeding in a case of this kind: Wagner v. Corcoran, 2 Dist. Rep. 440; Hornor v. Henning, 93 U. S. 228; Pollard v. Bailey, 87 U. S. 520; Moore v. Reynolds, 109 Mass. 473.

The defendants did not by answer, plea or argument object to the jurisdiction of the court sitting in equity. The court therefore should have entertained the bill for all the relief prayed: Bank v. Leoffert, 184 Pa. 164; McGinn v. Benner, 180 Pa. 396.

The payment of dividends and preferred debts in insolvency

out of the estate of a manufacturing corporation does not diminish the liability of its directors for the excess of its debts over its capital stock: Bank v. Stevenson, 76 Mass. 232.

It has been decided that the act of April 29, 1874, did not repeal section 34 of the Act of July 18, 1863, P. L. (1864) 1102, as to-corporations formed under the latter act or under the Act of April 14, 1868, P. L. 100, imposing the same liability: Githers v. Clark, 158 Pa. 616; Kurtz v. Wigton, 34 W. N. C. 219.

*J. Martin Rommel*, for appellees.—As personal liability for failure to file such certificate is penal in its character, such statutes must of necessity be strictly construed, and therefore under this principle no personal liability is created under section 39 of the act of 1874, if it is taken alone, but when coupled with section 24, all question of liability on the part of directors for failure to perform such an act is removed.

According to the facts as set forth in the bill and not disputed by the answer, the amount of the capital stock of the Franklin News Company was $25,000, and debts $45,000, so that the excess of debts over and above the capital stock actually paid in was $20,000. Under the above section of the act this is the amount for which the directors were liable if liable at all, but they were liable for this amount not to the plaintiff, but to all the creditors amounting to $45,000, and each creditor could therefore be entitled only to recover twenty forty-fifths of his claim from the directors, or otherwise certain of the creditors would receive their claims in full and exhaust the fund while others would receive nothing. No reading of the act could make the directors in this case liable for more than the excess of $20,000. There have, however, been numerous decisions upon statutes containing somewhat similar provisions which set this question at rest beyond peradventure of a doubt: Hornor v. Henning, 93 U. S. 228. To the same effect was the opinion in the case of Bank v. Stephenson, 87 Mass. 398.

It is, however, contended on behalf of the appellees that there is no liability to the plaintiff whatever under the above clause in view of the fact that the debts of the Franklin News Company prior to the time of the filing of the plaintiff's bill were reduced to an amount below that of the capital stock actually paid in.

OPINION BY SMITH, J., February 17, 1899:

The plaintiff contends that the directors of the Franklin News Company are individually liable for the debt of the corporation to it, by reason of (1) their failure to file the certificate required by section 39, clause 8, of the corporation act of April 29, 1874, and (2) a corporate indebtedness of $27,000 in excess of the capital stock (according to the amended answer and agreement), contracted by them, and subsisting when the plaintiff's claim was contracted.    These grounds of the plaintiff's demand are, as matters of fact, admitted by the defendants.    The directors, however, contend that the law imposes on them no liability. by reason of their default in not filing the certificate; and that the corporate indebtedness having been reduced below the amount of the capital stock before the bill was filed, they are thereby relieved from the liability incurred by contracting an indebtedness above that amount.

The act of 1874, while directing the filing of the certificate described, imposes no liability for a neglect to file it.    The plaintiff contends that the provision of the corporation Act of July 18, 1863, section 34, P. L. (1864) 1102, making the directors liable for all debts contracted while this default continues, not being supplied by the act of 1874, remains in force.    Why this provision was omitted from the act of 1874, and why section 39, clause 9, of that act, provides that the certificate, if not filed at the time fixed by clause 8, may be filed later, and that the officers charged with the duty of filing it shall not be personally liable for corporate debts contracted after compliance with the act, when nothing in the act makes them liable for their default in the premises, are questions which we need not consider.    The corporation in the case before us was organized under the act of 1874.    That act repeals the act of 1863 so far as it is inconsistent therewith.    To hold an officer or stockholder liable under the act of 1863 is wholly inconsistent with the express provision of the act of 1874, section 24, that officers and stockholders of corporations organized under that act shall not be individually liable for corporate debts otherwise than as therein provided. Since the act of 1874 imposes no liability for failure to file the certificate, none can be enforced.    The liability of the directors therefore depends on the effect of the reduction of the corporate indebtedness below the amount of the capital stock, which they set up in bar of the plaintiff's demand.

Section 9, clause 6 of the act of 1874, provides that (with exceptions not present in this case) " the whole amount of the debts which any such company at any one time owes shall not exceed the amount of its capital stock actually paid in; and in case of any excess, the directors under whose administration it occurs shall be jointly and severally liable to the extent of such excess for all debts of the company then existing, and for all that are contracted, so long as they respectively continue in office, and until the debts are reduced to the amount of the capital stock."

The assets of a corporation are represented by its capital stock, and their value presumably equals the amount of the stock issued. The evident purpose of the section quoted is to forbid a corporate indebtedness greater than can be met with the assets, and to enforce the prohibition by making the directors who contract such indebtedness individually liable for the excess. In the present case, the directors, having contracted an indebtedness of $27,000 in excess of the capital stock, became to this extent personally liable.

An answer in equity, presenting affirmative matter of defense, must set forth everything necessary to such a defense; what is not averred or necessarily implied is taken not to exist. Here it does not appear, by either averment or implication, that the directors have paid the whole amount of the excess of indebtedness which they unlawfully contracted, and for which they incurred a personal liability. Such implication as arises is to the contrary. Before the plaintiff's claim matured, the directors confessed judgments against the corporation, on which executions were issued and all the corporate property sold. Except that the proceeds of this sale were insufficient to pay the judgments, their amount is not stated. From all that appears in the case, it might be inferred that the directors have taken credit for this amount as a reduction of the corporate indebtedness for which they were liable, and have paid only enough more to reduce the indebtedness within the lawful limit. We cannot regard such an application of the corporate assets as within the spirit and purpose of the statute. By such a process, instead of payment by the directors of the unlawful excess for which they were liable, the assets of the corporation are made to pay the debt which the statute places on the directors, and this to

the extent of their total exhaustion.   The insolvency of a corporation does not necessarily work its dissolution, yet when left without the means of continuing its business, it is practically lifeless.   An application of its property which, in effect, extinguished the corporation, cannot be viewed as a reduction of its indebtedness in relief of the liability of the directors for the indebtedness unlawfully contracted.   When it does not appear that the directors have, by payment of the unlawful excess, become discharged from further liability, they must be deemed still responsible for the debt which they contracted to the plaintiff.   But in order to be held liable under these circumstances, the facts upon which they arise must be set forth in the pleadings with sufficient certainty.   They cannot be inferred or assumed from the existence of facts, merely showing a more limited liability.

Without specific averment of facts on this point or any allegation from which they may be inferred, the plaintiff contends that the defendants are liable for the full amount of its claim against the corporation.   To this we cannot assent.   Under the averments of the bill, and the provisions of the statute, the defendants can be held liable only for the excess over the amount of the capital stock.   The total indebtedness is admitted to be $52,000, and the capital stock $25,000 ; the excess for which the law holds the defendants individually liable, therefore, is $27,000, and this is the full extent of their liability under the statute.   We have no authority to go beyond the limit, in the absence of fraud or other circumstances, to justify it.   If the pleadings showed to what extent the corporate assets were applied to extinguish the unlawful indebtedness, this sum might, perhaps, in equity, be considered on the question of the further liability of the directors, for having appropriated the assets to the payment of debts for which they were individually liable. But we must take the plaintiff's claim with its limitations as set forth in the bill and admitted or not denied in the answer. The extent of the plaintiff's demand and the ground of the defendants' liability must appear by the pleadings.   By the record as made up, and submitted for final judgment, the extent of the defendants' individual liability is twenty-seven fifty-seconds of the entire indebtedness, and, therefore, twenty-seven fifty-seconds of the plaintiff's demand is all that can be recovered here.

The objection that the proper remedy of the plaintiff is at law, instead of in equity, cannot be sustained. On the contrary, a court of equity is a tribunal peculiarly fitted for the adjudication and enforcement of claims of this character. Moreover, an answer was filed by which the merits of the controversy only were put in issue, and the defendants must be held, therefore, to have waived all objection to the jurisdiction in equity. An objection to the jurisdiction of a court of equity must be taken either by demurrer or plea before answer, otherwise the court will entertain the suit, although the defendant may object to it at the hearing, unless it is a case in which no circumstances whatever can give the court jurisdiction: Daniel's Chancery Practice, page 631; Bank v. Loeffert, 184 Pa. 164. No further discussion of this point is necessary.

The decree is reversed, the bill is reinstated, and it is ordered, adjudged and decreed that (the defendants named as directors) pay the plaintiff the sum of $412.73, with interest from July 6, 1897, and that they pay the costs below, and the costs of this appeal.