# Onorato *v.* Carlini et al.

*Equity—Equity jurisdiction—Remedy at law—Equity practice —Cloud on title—Demurring and answering at same time—Words and phrases—Sheriff's inquisition—Satisfaction of debt in seven years—Invalid sheriff's sale—Ejectment bill.*

1. A cloud on title is a title or encumbrance apparently valid, but in fact invalid.

2. Equity has jurisdiction to remove clouds on titles, and, in a proper case, it will direct the instrument casting the cloud on the title to be delivered up and cancelled.

3. A defendant may not answer and demur to the whole bill.

4. An objection to the jurisdiction of a court of equity must be taken, either by demurrer or plea, before answer. By demurring and answering, defendant waives the question of jurisdiction.

5. Where in a proceeding in equity, plaintiff's title is clear and all the evidence relating to it is of such a character that a judge in a trial at law, upon the same evidence, would not be at liberty to submit the question to the jury, equity will grant relief.

6. Equity has jurisdiction of a bill in equity for a reconveyance of real estate, and cancellation of a mortgage thereon, where it appears that, under a judgment against plaintiff, a sheriff's inquisition found that the rents, issues and profits of the premises, were of a yearly value to satisfy the debt, interest and costs, in seven years, and that, notwithstanding the return, the property was sold and conveyed by the sheriff to one of the defendants, who conveyed to another of the defendants, the latter giving a mortgage for part of the purchase money.

7. In such case the sheriff's deed, and the subsequent deed and mortgage, were mere nullities and clouds on the title, and equity had jurisdiction to remove them.

8. The bill, in such case, was not an ejectment bill. If plaintiff had brought his action at law, the mortgagee, in the mortgage given by defendant, would not have been bound by the judgment, and therefore plaintiff's remedy on the law side of the court would not be complete and adequate.

Argued October 25, 1921.  Appeal, No. 180, Oct. T.,
1921, by Antonio Mannino, a defendant, from decree of
C. P. Allegheny Co., Oct. T., 1919, No. 899, for plaintiff,
on bill in equity, in case of Antonio Onorato v. Gugliel-
mo Carlini et al.  Before MOSCHZISKER, C. J., FRAZER,
SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Af-
firmed.

Bill for reconveyance of real estate, and for cancel-
lation of mortgage.thereon.  Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff.  Antonio Mannino, a defendant,
appealed.

*Error assigned,* among others, was decree, quoting it.

*Ralph C. Davis,* for appellant.—The court below
should have dismissed plaintiff's bill as an ejectment
bill: Leininger v. R. R., 180 Pa. 287; North Shore R. R.
v. R. R., 193 Pa. 631; Saunders v. Racquet Club, 170
Pa. 265; Long's App., 92 Pa. 171.

*A. O. Fording,* for appellee.—Whether the court has
jurisdiction should be determined, not by the decree, but
by the face of the bill: Adams's App., 113 Pa. 449.

Objection to the jurisdiction should have been made
by demurrer.  It was not made until the trial was near
its end: Sunbury & E. R. R. v. Cooper, 33 Pa. 278;
Adams's App., 113 Pa. 449.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1922:
Plaintiff, Antonio Onorato, is the owner of the prop-
erty out of which this proceeding arises; appellant,
Antonio Mannino, was his tenant.  Guglielmo Carlini—
who, with Mannino, Stephen H. Huselton and Clara A.
Rodgers, were named as defendants in the bill—brought
an action of ejectment against Onorato for part of the
property, which resulted in a judgment by default

against that defendant, for the land described in the writ and 6¼ cents damages. Huselton was Carlini's attorney, and Clara A. Rodgers was the former's sister-in-law. The bill charges a conspiracy by the defendants to defraud plaintiff of his property through the medium of a sheriff's sale; while the court held this charge not established, it sustained the bill on other grounds, and awarded the relief prayed for. The defendant Mannino alone appeals.

The record discloses facts somewhat out of the ordinary. Carlini having procured the judgment for 6¼ cents damages against Onorato, who resided in Ohio, paid the costs amounting to $12.60, and, through his attorney, Huselton, issued a fieri facias on the judgment, for the collection of the damages and costs. On the appearance docket in the ejectment proceedings, the following entry was made: "A. Bertolett, Jr., Bill, $1545." This was also endorsed on the fieri facias. The court found this was a fictitious claim, entered, or procured to be entered, by Huselton.

The sheriff, in pursuance of the writ, levied on the property of Onorato, and, on the condemnation, the sheriff's jury made return that the rents, issues and profits of the premises, were of a clear yearly value sufficient to satisfy the debt, interest and costs in seven years; which return was in conformity with the facts, as the property was renting for thirty-three dollars a month. Notwithstanding this return, a venditioni exponas was issued and the property sold, the purchaser being Huselton, and the sheriff's deed was made by his direction to Clara A. Rodgers, who conveyed to Mannino for a consideration of $4,000, $700 of which was paid in cash and $3,300 was represented by Mannino's purchase-money mortgage. Onorato had no actual knowledge of any of the proceedings; as before stated, Mannino was his tenant and occupying the property.

To the court's findings that Mannino was not a bona fide purchaser, and was guilty of what amounts to fraud,

error is not assigned. The only question raised for our determination is, whether equity has jurisdiction, the argument being that the bill is an ejectment bill.

Although the court below does not specifically find that Mannino practiced a fraud on his landlord, Onorato, in acquiring the property, we think such a specific finding might have been made; certain it is, Mannino must have had knowledge of the sheriff's sale, yet he did not inform Onorato of what was going on, and took the deed for the property without disclosing his purchase. No title passed by the sheriff's deed to Clara A. Rodgers. The Act of June 16, 1836, P. L. 772, 2 Stewart's Purdon 1567, provides: "If the inquest shall find that the clear profits of any real estate levied as aforesaid will not be sufficient to satisfy within seven years, the debt or damages in such execution, and the same shall be approved of by the court, the plaintiff in such writ may have a writ of venditioni exponas to sell such real estate for and towards the satisfaction of his judgment." The inquest having found that the rents, issues and profits were of a value, sufficient within seven years to satisfy the debt, interest and costs, no writ of venditioni exponas could be issued. Its issuance, after this return, was unlawful, and nothing could be sold by it. The deed of the sheriff in pursuance of it was a nullity, the only effect of which was to put a cloud on plaintiff's title. "A cloud on title is a title or encumbrance apparently valid but in fact invalid." Octoraro Water Co. v. Garrison, 271 Pa. 421.

As the only question raised by the record is that of equitable jurisdiction, its resolution must be in appellee's favor. "Equity has jurisdiction to remove clouds from title, and, in a proper case, it will direct the instrument casting the cloud on the title to be delivered up and cancelled." Octoraro Water Co. v. Garrison, supra. Whilst it is true, plaintiff does not denominate his bill one to remove a cloud on title, yet, that is its purpose and effect, and that is the result of the relief

prayed for and granted. In no sense was it an eject-ment bill; appellant acquired no title whatever by his deed; not only was the deed from the sheriff a cloud on plaintiff's title, but so was the deed to appellant and the mortgage made by him, because the grantor in the one and the mortgagor in the other had no title to convey or pledge.

Furthermore, the record discloses that, while by de-murrer appellant attempted to raise the question of the legality of the remedy sought by plaintiff, yet, at the same time, he also answered the bill. A defendant may not answer and demur to the whole bill: Stegmaier v. Keystone Coal Co., 232 Pa. 140. An objection to the jurisdiction of a court of equity, must be taken, either by demurrer or plea, before answer: Margarge v. Zieg-ler, 9 Pa. Superior Ct. 438; People's National Bank v. Loeffert, 184 Pa. 164. By demurring and answering, defendant waived the question of jurisdiction.

Had an action of ejectment been brought at law, what would have been the necessary outcome? Under the facts as established, the court would have been required to give binding instructions for plaintiff. Where, in a proceeding in equity, plaintiff's title is clear and all the evidence relating to it is of such a character that a judge in a trial at law, upon the same evidence, would not be at liberty to submit the question to the jury, equity will grant relief: Richmond v. Bennett, 205 Pa. 470; Wilson v. Cather, 214 Pa. 3, 7. In addition to this, had plain-tiff brought his action at law, the mortgagee in the mort-gage given by defendant, would not have been bound by the judgment, and therefore plaintiff's remedy on the law side of the court would not be complete and ade-quate. We entertain no doubt as to the jurisdiction in equity.

The decree is affirmed at appellant's cost.