## McNanamy et vir., Appellants, *v.* Firestone Tire and Rubber Company.

Argued April 18, 1934.

Before T<small>REXLER</small>, P. J., K<small>ELLER</small>, B<small>ALD-</small>
<small>RIGE</small>, S<small>TADTFELD</small>, P<small>ARKER</small> and J<small>AMES</small>, JJ.

*H. S. Dumbauld,* and with him *H. George May* and
*Marcella R. McNanamy,* for appellants.

*Donald M. Higbee,* and with him *E. C. Higbee* of
*Higbee, Matthews & Llewellyn,* for appellees.

O<small>PINION</small> <small>BY</small> B<small>ALDRIGE</small>, J., July 13, 1934:

The plaintiffs sought equitable relief in the nature
of a mandatory injunction to compel the defendant to
remove certain portions of a foundation, wall, win-
dows and coping which they alleged encroached upon
their land.

The plaintiffs and defendant are owners of adjoin-
ing lots of ground. The defendant purchased its lot
on June 1, 1929, and shortly thereafter constructed
thereon a two-story brick and cement block building,

approximately one hundred feet in length, covering the greater portion of its lot. The foundation of the wall was constructed of concrete and extends from zero to four and three-quarter inches across the division line between plaintiffs' and defendant's lot. The main portion of the wall is constructed of cement blocks, with beveled edges, and the body of the blocks protrudes from a half inch to about one and one-half inches. The windows in the wall, when opened, extend over plaintiffs' land, and the coping on top of the wall also projects approximately two inches beyond the division line.

The learned court below, on October 26, 1931, upon complaint of the plaintiffs, issued a mandatory injunction, requiring the defendant, within ninety days after service, to remove such portions of the foundation, wall, windows and coping as encroached upon plaintiffs' land, and restore to plaintiffs possession of the land so occupied. The court, in considering exceptions filed to this decree, expressed the view that plaintiffs were free of laches or acquiescence; that although the defendant's occupation of plaintiffs' property was without right, it was not intentional; and that as the foundation and other portions of defendant's building extended over plaintiffs' land, they could not be well removed without trespassing on the adjoining land; and concluded as follows: "Taking into consideration ...... the manner of the wall, the opportunities to observe its construction, and the projection finally into and over the land of plaintiffs, we are of the opinion that equity requires that the defendants have a right to remove this wall by going on to the land of the plaintiffs for that purpose, within a reasonable length of time." The defendant was directed to furnish a bond in the sum of $2,500, with approved surety, "conditioned that it will, within a stipulated time, remove the wall and restore the premises of plaintiffs

into the same or equivalent condition as they are at present," etc. Thereupon, a petition for a rehearing was filed by the plaintiffs, further testimony was taken, and the court filed its third decree, wherein it modified its second decree, dated June 6, 1932, by adding the condition "that the defendant pay to the plaintiffs the sum of seven dollars and fifty cents for each working day during the period covered by the actual removal of the obstruction," etc. From this decree an appeal was taken.

The question before us is whether the court imposed illegal or inequitable conditions in its decree. The appellants, of course, do not complain that permanent relief was afforded them, but say "the court fell into error in undertaking to soften the punishment by the imposition of conditions entirely without the scope of equitable jurisdiction." In Pile et al. v. Pedrick et al., 167 Pa. 296, 31 A. 646, the court below was sustained in its refusal to allow the defendants to go upon plaintiffs' side of the division line to chip off projecting ends of a wall. In Dodson v. Brown, 70 Pa. Superior Ct. 359, this court reversed the lower court in dismissing a bill for a mandatory injunction to compel the defendant to remove a wall which encroached one inch and seven-eighths on plaintiff's land because injury was not serious or oppressive. In Baugh v. Bergdoll, 227 Pa. 420, 76 A. 207, the court below was reversed and an injunction directed to be issued removing an encroachment which was alleged to have been "absolutely necessary;" that it accords with the "custom of the building trade," to so encroach upon an adjoinder's property, and that in so doing the complainants' walls were strengthened and in no way injured.

In this case, however, the learned court below recognized plaintiffs' right to compel the defendant to cease its intrusion, and ordered it off the plaintiffs'

premises. They are undoubtedly entitled to possession of their property, and, while the expense, inconvenience or damage to defendant in correcting the legal injury may be properly considered, these elements are not necessarily controlling. The equities may, in some cases, justify the court in ordering the offending party to incur a large expense, etc., but that does not mean that a court sitting in equity may not, in other cases, invoke equitable principles in its endeavor to reduce the damages, and impose reasonable regulations and conditions in its decree enforcing plaintiffs' right. For instance, in Dodson v. Brown, supra, this court held that it was equitable that the defendant have two years to discontinue his trespass, due to certain conditions that prevailed. It is not the policy of equity to impose undue hardship, especially if the wrong is the result of innocent actions. In so far as can reasonably and legally be done, the defendant's expenses should be minimized. Such an equitable spirit was recognized in Penna. R. R. et al. v. Sagamore Coal Co. et al., 281 Pa. 233, 251, 126 A. 386. Under the court's decree, defendant will be required to make a considerable expenditure to comply therewith, but it will not be comparable to the expense and inconvenience that would have been necessary if the plaintiffs' appeal had prevailed, as that would have necessitated the tearing down of the wall, one hundred feet in length; thus, a serious destruction of property would have resulted, which, inevitably, would have brought a certain amount of annoyance to the plaintiffs.

A careful consideration of this case does not convince us that the learned court below exercised unreasonable or unwise discretion in its endeavor to do equity between these parties.

Decree is affirmed. The appellants to pay costs of this appeal.