McNanamy et vir. *v.* Firestone Tire and Rubber Company, Appellant.

Argued April 18, 1934.

Before Trexler, P. J., Keller, Baldrige, Stadtfeld, Parker and James, JJ.

*Donald M. Higbee,* and with him *E. C. Higbee* of *Higbee, Matthews & Llewellyn,* for appellant.

*H. S. Dumbauld,* and with him *H. George May* and *Marcella R. McNanamy,* for appellees.

OPINION BY BALDRIGE, J., July 13, 1934:

This appeal was taken by the defendant in the same case in which plaintiffs appealed, in which a decision, sustaining the findings and conclusions of law of Judge HENDERSON sitting as a chancellor, has been filed this day. (114 Pa. Superior Ct. 282).

The sole question involved is whether the court was in error in refusing to sustain the preliminary objection to the bill in equity, on the ground that complainants had a full and adequate remedy at law. After argument, the court held there was no dispute as to the title and right of possession of the plaintiffs to their land, upon which the defendant was maintaining a continuous trespass, and dismissed the objection to the bill.

The bill particularly described, by metes and bounds, the lots, situate in the city of Connellsville, of the respective parties to this action. The defendant, in its answer, admits the accuracy of the descriptions. In paragraph 8, while it is averred that the precise line between the two lots has never been determined, that its location is dependent upon surveys, and that the excavation so made ran substantially with the bound-

ary of defendant's lot, there is no specific averment that the division line, as alleged by plaintiffs, is not correct. It admits, also, "that in certain places the excavation trespassed on plaintiffs' lot where boulders and stone were removed, and that in filling up the excavation the cement protruded into the cavities so made, but to this plaintiffs consented and agreed." The defendant further avers that whether there be encroachments is a matter undetermined, "to be decided in this proceeding." It is true that after the dismissal of the preliminary objection, when the case came on for trial, the defendant amended the latter averment by striking out "this proceeding" and substituting therefor, "an appropriate proceeding to be instituted for that purpose."

The dividing line was definitely established by testimony of the city engineer of Connellsville from monuments on the ground, adjacent thereto, for thirty-five years to his personal knowledge, and it was not disputed that defendant had knowledge of the location of this line. We think, therefore, for the purpose of this case, that the lower court was justified in accepting that line as the established and fixed boundary line between the lots of the parties to this litigation, and in holding that a continuing trespass existed.

If an action of ejectment had been brought, the court would not have been warranted in allowing a verdict to stand adverse to the plaintiffs. It was said in Onorato v. Carlini et al., 272 Pa. 489, 493, 116 A. 387: "Where, in a proceeding in equity, plaintiff's title is clear and all the evidence relating to it is of such a character that a judge in a trial at law, upon the same evidence, would not be at liberty to submit the question to the jury, equity will grant relief."

We are, therefore, of the opinion that equity had jurisdiction, and the appeal is dismissed at appellant's costs.