## Mason et al. v. Colbus

*Richard C. Snyder, Alvin L. Little* and *Ellis William Van Horn, Jr.,* for complainants.

*Paul A. Koontz,* for respondent.

WRIGHT, P. J., April 1, 1949.—This is an action to compel defendant to remove a blast furnace from lands of plaintiffs.

### Pleadings and Issue Raised Thereby

On December 23, 1948, plaintiffs filed a bill of complaint asking that a mandatory preliminary injunction be granted, to be made perpetual upon final hearing. In accordance with our practice, a rule to show cause was issued. At the hearing on the rule we refused to grant a preliminary injunction, and directed that the case be heard promptly on bill and answer. An answer was filed. Testimony was taken. Requests for findings of fact and conclusions of law were submitted, upon which argument was heard.

While we would prefer to preserve the blast furnace in question as an industry for Bedford County if that were possible, counsel for both sides have agreed that the court should make a decree directing defendant to remove it. The only issue for our deter-

mination is the length of time to be allowed for that purpose.

## Findings of Fact

1. Plaintiff Van K. Mason is an individual residing in Riddlesburg, Bedford County, Pa.

2. Plaintiff Riddlesburg Mining Company is a corporation duly incorporated under the laws of the Commonwealth of Pennsylvania, with its principal office in Riddlesburg, Bedford County, Pa.

3. Defendant H. H. Colbus is an individual residing at 2221 Pine Street, Altoona, Blair County, Pa.

4. On April 18, 1944, the Riddlesburg Materials Corporation made public sale of its equipment, including the blast furnace in question, but did not at that time sell the land on which the furnace was located.

5. On the date of said sale the blast furnace in question was purchased by defendant Colbus.

6. Subsequently, plaintiffs Mason and Riddlesburg Mining Company purchased the land upon which the furnace is located.

7. The advertised terms of the public sale contained a stipulation that the purchaser of the blast furnace would be granted 30 days from the date of the sale for its removal.

8. On the day of sale the stipulation requiring removal of furnace in 30 days was eliminated and no definite time was fixed for the removal.

9. From time to time thereafter, plaintiffs and defendant entered into negotiations with third parties to bring about a sale of the furnace and land as a unit for future operation.

10. Notwithstanding said negotiations, plaintiffs at various times notified defendant to remove the furnace.

11. The furnace constitutes a hazard to plaintiffs in using their lands and to other persons who may

enter upon the same, and prevents plaintiffs from using said lands.

12. On December 4, 1947, plaintiff Mason instituted an action of trespass against defendant Colbus in the Court of Common Pleas of Bedford County, Pa., to no. 6, February term, 1948, to recover damages for unlawful use of his land.

13. On December 22, 1947, plaintiff Riddlesburg Mining Co. instituted an action of trespass against defendant Colbus in the Court of Common Pleas of Bedford County, Pa., to no. 48, February term, 1948, to recover damages for unlawful use of its land.

14. By agreement of counsel, these two actions have been continued from term to term, and have not yet been tried.

15. Plaintiffs can be fully compensated by these actions at law for any damages suffered because of defendant's delay in removing the furnace.

16. A period of four months from the date of this adjudication is a reasonable time for the removal of the furnace.

## Discussion

A mandatory injunction is an extreme remedy: McCabe v. Watt (no. 1), 224 Pa. 253. It is a power to be exercised with caution: Liggett v. Kaufmann, 17 Pa. Superior Ct. 631. Plaintiffs' right must be entirely clear: Trainer v. International Alliance of Theatrical Stage Employes, etc., 353 Pa. 487. A much stronger case is required to move a chancellor to compel a positive act on the part of a defendant than to restrain him from committing a wrongful one: Asbury v. Carroll, 54 Pa. Superior Ct. 97, 101. A recent case in which the issuance of a mandatory injunction was approved is Denhart et ux. v. Valicenti et ux., 157 Pa. Superior Ct. 143. Incidentally, it was formerly held that a preliminary injunction could not be mandatory: Audenried v. P. & R. R. R. Co., 68 Pa. 370. However,

it has since been settled that a preliminary injunction can be made mandatory in exceptional circumstances which were not present in our case: Taylor v. Sauer, 40 Pa. Superior Ct. 229.

The foregoing general principles are of little assistance in our consideration of the question involved, namely, the length of time to be allowed for removal of the furnace. We have not found a recorded decision involving facts to any extent similar to those in our case. It must be borne in mind that defendant did not erect the furnace, and that plaintiffs purchased the land with full knowledge of its presence. All parties were willing that the furnace should not be removed, if it could be sold together with the land as a unit for future operation. Plaintiffs contend that this attitude on their part did not relieve defendant from his obligation of removal. They further contend that the negotiations invariably failed because defendant demanded an exorbitant price. Defendant contends that every time he started to remove the furnace negotiations were renewed, and he would be asked not to proceed further. Be that as it may, at the conclusion of the hearing on bill and answer, to wit, on February 8, 1949, when the issue for our determination became apparent, we notified defendant as a matter of record that he should be promptly endeavoring to remove the furnace. We were informed at the time of the argument that removal operations had commenced.

In McNanamy et vir v. Firestone Tire & Rubber Company, 114 Pa. Superior Ct. 282, plaintiffs and defendant were owners of adjoining lots of ground. On his lot defendant constructed a two-story brick and cement block building, approximately 100 feet in length, which building encroached slightly on plaintiffs' lot. A time allowance of 90 days for removal of the obstructing portion was approved. Judge Baldrige said, "It is not the policy of equity to impose

undue hardship, especially if the wrong is the result of innocent actions. Insofar as can reasonably and legally be done, the defendant's expenses should be minimized." In our case the removal is a much more extensive operation. At the same time it is a total removal and can be accomplished more readily for that reason.

For plaintiffs, David Glosser testified that the furnace could be removed in 60 days. Michael Stadtlander testified that it could be removed in six weeks. Defendant testified that the removal operation would take one year. His witnesses, N. McChett and Frank Fyock, testified, respectively, that the furnace could be removed in six and nine months. Considering all of the problems involved, we have come to the conclusion that four months from the date of this adjudication is a reasonable removal time. We will expect the removal to be fully completed in all of its aspects on or before August 1, 1949.

### Conclusions of Law

1. Plaintiffs are entitled to equitable relief to compel defendant to remove the blast furnace in question from their premises.

2. Defendant is entitled to a reasonable time in which to accomplish said removal.

3. A reasonable time for defendant to comply with an order for removal of the furnace is four months from the date of this adjudication.

4. A mandatory injunction should issue compelling defendant to remove said blast furnace from the lands of plaintiffs on or before August 1, 1949, the costs of this proceeding to be paid by defendant.

### Decree Nisi

Now, April 1, 1949, upon consideration of the foregoing case, it is ordered, adjudged and decreed that a

final injunction issue directing defendant, H. H. Colbus, to remove or cause to be removed that certain blast furnace and appurtenant equipment sold to defendant by the Riddlesburg Materials Corporation on April 18, 1944, from the lands of plaintiffs, Van K. Mason and Riddlesburg Mining Company, in Riddlesburg, Broad Top Township, Bedford County, Pa., within four months from the date of this decree, to wit, on or before August 1, 1949, the costs of this proceeding to be paid by defendant. Unless exceptions are filed within 10 days after notice of the entry thereof, this decree nisi shall be entered as the final decree.