# Baugh, Appellant, *v.* Bergdoll.

*Trespass—Real estate—Party walls—Building operations—Encroachment of wall foundations—Equity—Injunction.*

1. Where one intrudes upon the land of another, the latter has choice of remedies; he may compel a withdrawal of the intruder, or he may regard the intrusion as a permanent trespass and recover compensatory damages therefor. Except he has forfeited his right to the former remedy by conduct which would make its enforcement inequitable, he cannot be denied his privilege to pursue it.

2. Where an owner in erecting a wall to be built entirely on his own ground encroaches with his foundations on adjoining land to the extent of six inches beyond the line to which under the law he could go with a party wall, at a point five or seven feet below the foundations of an existing party wall, a bill in equity to enjoin the construction of these foundations so far as they encroach, and compel their removal, should not be dismissed where neither laches, inducement nor acquiescence on part of the plaintiffs is alleged, nor that the trespass was an act of inadvertence or mistake on the part of defendants, but the gist of the defense is that the encroachment upon plaintiffs' land was necessary in order to support the superstructure the defendants intended to build; that it was in accordance with the custom of the building trade, and that it did not interfere with plaintiffs' present enjoyment of their property. Pile v. Pedrick, 167 Pa. 296, followed.

Argued Jan. 18, 1910. Appeal, No. 286, Jan. T., 1910, by plaintiffs, from decree of C. P. No. 2, Phila., Co., Sept. T., 1907, No. 1,085, dismissing bill in equity in case of Helene A. Baugh and Laura P. Baugh v. Emma C. Bergdoll, Louis J.

Bergdoll, The Belmont Iron Company, and Joseph G. Lynch, and Jacob A. Lynch, and Calvin Z. Lynch, trading as Lynch Bros. Before BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Bill in equity to enjoin the construction of foundations of a building and to compel their removal. Before BARRATT, J.

The facts appear in the opinion of the Supreme Court.

*Error assigned* was decree dismissing bill.

*E. Clinton Rhoads,* with him *Henry Wiener, Jr.,* for apellants.—The wrongful erection of any structure upon the land of another constitutes a permanent trespass which equity will enjoin: Bright v. Allen, 203 Pa. 394; Western National Bank's App., 102 Pa. 171; Vollmer's App., 61 Pa. 118; Masson v. Besanson's App., 70 Pa. 26; Pile v. Pedrick, 167 Pa. 296; McConahy v. Western Allegheny R. R. Co., 31 Pa. Superior Ct. 215; Wesley v. Sulzer, 224 Pa. 311.

*Joseph Gilfillan,* with him *George S. Graham,* for appellees.—The court will not compel the removal of construction work: Orne v. Fridenberg, 143 Pa. 487; Sharpless v. Boldt, 218 Pa. 372; Mercantile Library Co. v. University of Penna., 220 Pa. 328; Overholzer v. Daily Times, 2 Montg. 169.

OPINION BY MR. JUSTICE STEWART, March 14, 1910:

It is a fact established by the finding of the court, and conceded, that in constructing the footings of the piers intended for the support of their building, the defendants in several places have encroached upon plaintiffs to the extent of six inches beyond the line to which under the law they could go with a party wall. The wall they have erected upon this foundation is not a party wall, and was not so intended. It is wholly upon defendants' land. The plaintiffs' adjoining wall is a party wall, supported by a foundation which extends eight feet below the surface of the ground. The foundation for defendants' wall begins from five to seven feet lower than

plaintiffs' foundation, and it is · at this point that the encroachment occurs. Plaintiffs filed their bill to enjoin the construction of these footings, so far as they encroach, and compel their removal. Defendants' answer, while containing a general denial that they had encroached or were encroaching upon plaintiffs' property, contained this admission, "It is true that defendants have undermined the complainants' wall by foundations for iron columns and encroached upon complainants' property about four inches, and not upwards of a foot, as alleged in said bill." The claim is made in the answer that the encroachment was absolutely necessary; that it accords with the custom of the building trade, to so encroach upon an adjoinder's property, and that in doing so, in the present instance, complainants' walls were strengthened and in no way injured. Upon final hearing the bill was dismissed on the ground that plaintiffs had an adequate remedy at law. From that decree plaintiffs have taken this appeal.

There are cases where courts of equity have refused to compel removal of erections placed by defendant upon land of his adjoinder, but in every one it will be found that equitable considerations prevailed to stay the hand of the court, and remit the party injured to his remedy at law. If there are any such considerations here which should prevail to leave the defendants undisturbed in the possession of the plaintiffs' property, which they have wrongfully appropriated, they have not been brought to our notice. Neither laches, inducement, nor acquiescence on part of the plaintiffs is alleged; nor was the trespass even an act of inadvertence or mistake on part of defendants. The gist of the defense is that the encroachment upon plaintiffs' land was necessary in order to support the superstructure the defendants intended to build; that it was ·in accordance with the custom of the building trade, and that it does not interfere with plaintiffs' present enjoyment of their property. It ought to be vain to urge such considerations as a defense in a proceeding such as this; and yet, unsupported by any other suggesting a possible equity in the defendants, they were allowed to prevail. The obvious effect of the decree entered, if permitted to stand, would be to compel the ap-

pellants to submit to a divestiture of title simply for the accommodation of the appellees, and accept in return whatever amount a jury might determine to be compensatory damages. Where one intrudes upon the land of another, the latter has choice of remedies; he may compel a withdrawal of the intruder, or he may regard the intrusion as a permanent trespass and recover compensatory damages therefor. Except he has forfeited his right to the former remedy by conduct which would make its enforcement inequitable, he cannot be denied his privilege to pursue it. There is not a single finding in the case that imputes to the appellants anything by way of commission or admission suggesting an equity in the appellees. The case so clearly resembles Pile et al. v. Pedrick et al., 167 Pa. 296, where the law applicable is fully discussed by WILLIAMS, J., that further comment is unnecessary.

The decree is reversed at the cost of the appellees; the bill reinstated, and the court below is directed to issue the injunction in accordance with the prayer of the bill so far as it relates to the encroachment referred to in this opinion.