## Dodson, Appellant, *v.* Brown.

*Equity—Wrongful possession of land—Slight damages—Injunction.*

One who admittedly, without a claim or right in law or equity, holds possession of another's land, cannot successfully defend against a bill for a mandatory injunction because the injury was not serious or oppressive and was readily compensated in damages. The amount of land involved, or the small amount of damages, does not change the rule, where there is a wrongful invasion of a positive right to real property.

Argued May 2, 1918. Appeal, No. 144, April T., 1918, by plaintiff, from decree of C. P. Allegheny Co., Jan. T., 1916, No. 249, dismissing bill in equity in case of Joseph R. Dodson v. D. Howard Brown. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART and TREXLER, JJ. Reversed.

Bill in equity for a mandatory injunction. Before HAYMAKER, J.

The court below dismissed the bill on the ground that there was an adequate remedy at law.

*Error assigned* was decree dismissing the bill.

*John A. Metz,* for appellant.—Where a party unlawfully takes possession of another's land the courts invariably grant relief on mandatory injunction: Pile v. Pedrick, 167 Pa. 296; Baugh v. Bergdoll, 227 Pa. 420; Wagner v. King, 41 Pa. Superior Ct. 292.

*S. Harvey Thompson,* with him *Donaldson Bros.,* for appellee.—It is a clear attempt on the part of the plaintiff to obtain a decree for the removal of defendant's heavy building in order that plaintiff may be enabled to extort from the defendant a large sum in satisfaction of the decree. This the court should not assist the plaintiff to do unless it be compelled to do so by an inflexible rule of law: Mayer's App., 73 Pa. 164; Sutcliff v. Isaacs, 1 Pars. 494.

OPINION BY KEPHART, J., July 10, 1918:

The appellant asked for a mandatory injunction to compel the removal of a wall that encroached on his property one and seven-eighths inches at the rear. The court below found that the appellee had appropriated and was in possession of that portion of the appellant's land covered by the wall without any right, privilege or license and that the appellee was admittedly a trespasser maintaining a continuing trespass, but dismissed the bill because the injury was not serious or oppressive and was readily compensated in damages. The court does not find, nor does the evidence disclose, that there was any act of the appellee that could be considered inequitable or unjust. The question to be determined is simple. May one without a claim or right in law or equity hold possession of another's land and successfully defend against a bill for a mandatory injunction because the injury may be compensated in damages? The appellant's title is clear. The occupation of the strip of land by the appellee is an actual appropriation of the appellant's ground, and if continued will ripen into a complete title. The appellant forfeited no right to his remedy by

any conduct such as laches, inducement or acquiescence that would make its enforcement inequitable or unjust. When facts as contained in this record are presented, the jurisdiction of the court is complete. There is left in it no option but to enforce the law. The question of expense or damage cannot be considered. The aggrieved property owner's right is absolute. However hard his acts might be regarded, he asks the court for the enforcement of a legal right of a positive character with respect to land which it is conceded was wrongfully taken from him. He is entitled to a decree. The rule in such case is founded on sound reason. If damages may be substituted for the land, it will amount to an open invitation to those so inclined to follow a similar course and thus secure valuable property rights. The amount of land involved does not change the situation. Here is a wrongful invasion of a positive right to real property. The court should not be asked to declare in each instance what amount of land should be settled for in damages and what should come under the rule. It is safer to follow the decisions of our Supreme Court and leave the other questions to the contending parties. See Pile et al. v. Pedrick et al., 167 Pa. 296; Baugh v. Bergdoll, 227 Pa. 420; Wagner v. King, 41 Pa. Superior Ct. 292.

The decree of the court below is reversed, the bill is reinstated with direction that the court below enter a decree directing a mandatory injunction to issue as prayed for. Considering the present state of business affairs, the appellant should have two years within which to comply with the decree.

TREXLER, J., dissents.