## Ventresca, Appellant, v. Ventresca.

Argued September 27, 1956. Before RHODES, P. J., GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ. (HIRT, J., absent).

*Frederick C. Fiechter, Jr.,* with him *Maurice Freedman* and *Freeman, Fox & Fiechter,* for appellant.

*Daniel Sherman,* for appellees.

OPINION BY ERVIN, J., November 13, 1956:

The lower court confined to damages the remedy for a deliberate violation of a deed restriction which prohibited the erection of any building within five feet of the side lines of a lot. The defendants built a garage approximately three feet four inches from the side line which divided plaintiff's and defendants' properties. The plaintiff appealed.

The lower court found that soon after the excavation for the garage was visible the plaintiff made oral protests and objections to the defendants and on various occasions thereafter repeated his objections; that the garage was substantially completed before April 22, 1952 and that on April 22, 1952, plaintiff's attorney sent a written notice to the defendants notifying them to move the garage back beyond five feet from the dividing line as it violated the restrictive covenants. The suit for a mandatory injunction was commenced May 7, 1952. The defendants' answer and the evidence they introduced at the trial raised the defense of laches. The

trial judge, in his adjudication, found that "Plaintiff is not entitled to a mandatory injunction in that he may properly be charged with laches." He also found that the infringement by the defendants of the restrictive covenant was wilful. In the decree nisi plaintiff's complaint seeking a mandatory injunction was dismissed. Plaintiff excepted to the failure of the lower court to find his 6th conclusion of law, which was as follows: "6. The garage erected by defendants is in violation of the restrictions as aforesaid and must be removed or moved so that it will stand at least 5 feet from the property line."

After argument the court in banc disposed of, inter alia, the above exception as follows: "Plaintiff's exceptions to conclusion of law No. 2, paragraph 1 of the Decree Nisi and for the Chancellor's failure to find Plaintiff's requested findings of fact Nos. 8 and 11, and requested conclusions of law Nos. 4, 5 and 6 are sustained insofar as they establish that Plaintiff was not guilty of laches but are dismissed insofar as they establish Plaintiff's right for a mandatory injunction."

The lower court also granted leave to plaintiff to file an amended complaint for damages and a right to defendants to answer, and further said: ". . . after which the case may be ordered on the equity trial list for further hearing on the question of damages alone."

The defendants' contention that the appeal is premature and that the order of the lower court was interlocutory is without merit. The cases which are cited are not in point. In *Korona v. Bensalem Twp.*, 385 Pa. 283, 122 A. 2d 688, there was no hearing on the merits nor was there an adjudication by the trial judge and a disposition by the court in banc of the exceptions filed thereto. In *McGee v. Singley*, 382 Pa. 18, 114 A. 2d 141, an appeal was taken from an order refusing judg-

ment on the pleadings. In *Williams v. Damico*, 76 Pa. Superior Ct. 554, there was an outstanding rule for judgment n.o.v.

The lower court refused injunctive relief because it felt that it must balance the equities in each case and deny it if, in its opinion, to grant it would cause more harm than good. If there were any facts or circumstances in this case to excuse the wilful violation of the deed restriction by the defendants we would readily agree. We have searched the record and can find none. As soon as the garage foundation was commenced the plaintiff objected and told the defendant that he was violating the deed restriction. The defendant promised that he would remove the garage beyond the five-foot side line set back. When the plaintiff complained later on, the defendant said that he would take a chance. This is not a case like *Asbury v. Carroll*, 54 Pa. Superior Ct. 97, wherein the real question was whether a garage was prohibited by language in a restriction prohibiting a stable. In the present case there is no ambiguity in the language of the restriction. In *Price et al. v. Anderson*, 358 Pa. 209, 56 A. 2d 215, the deeds from the common owner did not contain uniform restrictions and there was a complete change in the neighborhood which would have made a valid restriction no longer of any substantial value to the dominant owner. In *The Haig Corp. v. Thomas S. Gassner Co.*, 163 Pa. Superior Ct. 611, 63 A. 2d 433, there was no injurious result as the defendant offered the plaintiff a key to the gate placed across the alley. In the present case the garage is so constructed that it works great injury to the plaintiff in that it cuts off his view, light and air. Every inch that the garage is moved away from the side line will proportionately benefit the plaintiff and the occupants of his residence. While there is no common law easement to light and air in Pennsylvania,

such right may be created by contract. This was expressly recognized in *Haverstick v. Sipe*, 33 Pa. 368, cited by defendants. In that case the defendant presented the following point: "1. That a right by prescription or prior occupancy to ancient lights or windows does not exist in Pennsylvania; *as between different owners of adjoining properties there must be a special agreement or grant, and it is not presumed from lapse of time.*" (Emphasis added) The affirmance of that point by the lower court was assigned as error and the Supreme Court affirmed.

*Liggett v. Kaufmann*, 17 Pa. Superior Ct. 631, 637, and *Kern v. Greensweig*, 125 Pa. Superior Ct. 430, 435, 190 A. 182, were cases in which the defense of laches was clearly made out.

Where a building restriction is still of substantial value to a dominant lot equity should restrain its wilful violation. *Price v. Anderson*, supra, at p. 219. To restrict the plaintiff to damages is not an adequate remedy. This should not be done, particularly where it is difficult to prove such damages.

Where a contract right has been invaded there is generally no question of the amount of damage but simply of the right. Clearly it would be "only by conjecture and not by any accurate standard" that a jury could measure the damages caused to the plaintiff. *Stuart v. Gimbel Bros.*, 285 Pa. 102, 106, 107, 108, 109, 131 A. 728.

The rule applicable to this case was clearly stated in *Dodson v. Brown*, 70 Pa. Superior Ct. 359, by Judge Kephart, later Chief Justice, wherein he said: "The appellant forfeited no right to his remedy by any conduct such as laches, inducement or acquiescence that would make its enforcement inequitable or unjust. When facts as contained in this record are presented,

the jurisdiction of the court is complete. There is left in it no option but to enforce the law. The question of expense or damage cannot be considered. The aggrieved property owner's right is absolute. However hard his acts might be regarded, he asks the court for the enforcement of a legal right of a positive character with respect to land which it is conceded was wrongfully taken from him. He is entitled to a decree. The rule in such case is founded on sound reason. If damages may be substituted for the land, it will amount to an open invitation to those so inclined to follow a similar course and thus secure valuable property rights. The amount of land involved does not change the situation. Here is a wrongful invasion of a positive right to real property. The court should not be asked to declare in each instance what amount of land should be settled for in damages and what should come under the rule. It is safer to follow the decisions of our Supreme Court and leave the other questions to the contending parties. See Pile et al. v. Pedrick et al., 167 Pa. 296; Baugh v. Bergdoll, 227 Pa. 420; Wagner v. King, 41 Pa. Superior Ct. 292.''

Where the defendant's act is tortious or in bad faith or where he intentionally takes a chance, injunctive relief should be granted. *Hamilton v. Foster,* 272 Pa. 95, 104, 116 A. 50; *Kanefsky v. Dratch Constr. Co.,* 376 Pa. 188, 196, 101 A. 2d 923; *Weiss and Maen v. Greenberg,* 101 Pa. Superior Ct. 24, 30.

In the present case the defendants wilfully violated a deed restriction binding upon the properties of both parties. When notified of the violation the husband-defendant said he would take a chance. The plaintiff was not guilty of laches. The damages would be speculative and their proof difficult. The contract right was clear and there was no ambiguity in its language. The

injury to the plaintiff, while difficult to measure in money, is real and substantial. It cannot be said that the injury to the plaintiff is slight and the cost to the defendants of correcting the same great or disproportionate. It should not cost so much to move a one car garage one foot eight inches and who can tell what amount of money would compensate plaintiff for his injury.

The decree of the lower court is reversed and the lower court is directed to enter a decree directing a mandatory injunction to issue as prayed for.