497 A.2d 1354

**Jay G. OCHROCH and Joan Ochroch, His Wife, Appellants,**

**v.**

**Mojtaba KIA–NOURY and Gloria Kia-Noury, His wife.**

Superior Court of Pennsylvania.

Argued June 18, 1985.

Filed Aug. 30, 1985.

Petition for Allowance of Appeal Denied Jan. 7, 1986.

162

Gilbert Newman, Philadelphia, for appellants.

Leigh P. Narducci, Norristown, for appellees.

Before MONTEMURO, POPOVICH and WATKINS, JJ.

POPOVICH, Judge:

This is an appeal by appellants, Jay G. Ochroch and Joan Ochroch, from a final decree of the Court of Common Pleas

of Montgomery County. The following factual background as found by the chancellor below is unchallenged by appellants:

Appellants and appellees, Mojtaba Kia-Noury and Gloria Kia-Noury, are adjoining landowners in Abington Township. In January, 1975, appellees constructed an in-ground swimming pool. In connection with the construction thereof, appellees erected a chain-link fence between the two properties and built up the grade and slope of the ground with fill and debris. The chancellor found that the fence and landfill encroached upon appellants' property. The fill, which is visible from appellants' pool and tennis area, was composed of, among other things, iron pins, lumber, stumps, tar paper, cinderblocks, concrete, stones and various items of rubbish and was covered with weeds and shrubs. The chancellor further found that the fill extended onto appellants' property "to the extent of one hundred (100) feet in length, ten (10) feet in width (at its widest point) and five (5) feet in height". The chancellor viewed the property and ordered, *inter alia*, that appellees remove the chain link fence which also encroached upon appellants' property and further that

> ... defendant remove all debris in and upon the fill encroachment including, but not limited to, such items as iron pins, lumber, stumps, tar paper, cinderblocks, concrete, stones, weeds and rubbish
>
> .    .    .    .    .
>
> [and] ... re-grade the fill encroachment and the embankment of which it consists, and that she replant pachysandra. Evergreen shrubbery currently growing on the embankment need not be removed.

(Decree Nisi, Lowe, P.J.)

In other words, whereas appellees were required to *remove* the fence, they were merely ordered to "improve the appearance" of the landfill because

> the relatively *de minimis* harm to plaintiffs' property caused by that encroachment is outweighed by the potential cost of removal and the danger that defendant's

swimming pool would thereby lack sufficient lateral support.

(Adjudication, p. 7, Lowe, P.J.)

Appellants filed exceptions to the Decree Nisi. After argument, the exceptions were dismissed; and on December 13, 1984, the Decree Nisi was entered as a final decree. Appellants claim that the chancellor below erred in holding that the *de minimis* doctrine is applicable to an encroachment case where the party alleging harm did not consent or acquiesce in the encroachment and that the chancellor, in fact, erred in initially characterizing the encroachment as *"de minimis"* or trivial. We reverse.

> Equity is the special forum for relief where there has been a trespass or nuisance of a continuing and permanent character.

*Denhart v. Valicenti,* 157 Pa.Super. 143, 145, 41 A.2d 884, 885 (1945).

> Our scope of review in equity matters is a limited one. The chancellor's findings of fact, affirmed by the court *en banc,* have the effect of a jury verdict and will not be reversed on appeal if adequate evidence is presented to support them and they are not premised on erroneous inferences and deductions or an error of law. (cites omitted) Thus, our function is not to substitute our view for the chancellor's but, rather, to determine whether a judicial mind, on due consideration of the evidence as a whole, could reasonably have reached the conclusion of the chancellor (cites omitted). Nevertheless, conclusions of law or fact, being derived from nothing more than the chancellor's reasoning for (sic) underlying facts and not involving a determination of credibility of witnesses are reviewable.

*Dailey's Chevrolet v. Worster Realties, Inc.,* 312 Pa.Super. 275, 458 A.2d 956, 959 (1983). Appellees have no right at law or in equity to occupy or appropriate land that does not belong to them. *See Scoppa v. Myers,* 341 Pa.Super. 61, 491 A.2d 148 (1985); *Pile v. Pedrick,* 167 Pa. 296, 31 A. 646 (1895). Moreover, it has been held that

"[t]he question of expense or damage cannot be considered. The aggrieved property owner's right is absolute. However hard his acts might be regarded, he asks the court for the enforcement of a legal right of a positive character with respect to land which it is conceded was wrongfully taken from him. He is entitled to a decree. The rule in such case is founded on sound reason. *If damages may be substituted for the land, it will amount to an open invitation to those so inclined to follow a similar course and thus secure valuable property rights. The amount of land involved does not change the situation. Here is a wrongful invasion of a positive right to real property.*

*Dodson v. Brown,* 70 Pa.Super. 359, 361 (1918) (emphasis added). *See also Ventresca v. Ventresca,* 182 Pa.Super. 248, 253, 126 A.2d 515 (1956). It appears that

[i]n the improvement of their own property defendants have actually appropriated a portion of plaintiff's land. A mandatory injunction to prevent the wrongful invasion of plaintiff's right to the use of their property is proper.

*Denhart,* 157 Pa.Super. at 146, 41 A.2d 884.

There are cases where courts of equity have refused to compel removal of erections placed by defendant upon land of his adjoinder, but *in every one it will be found that equitable considerations prevailed* to stay the hand of the court, and remit the party injured to his remedy at law ... *Neither laches, inducement, nor acquiescence on the party of the plaintiffs is alleged; nor was the trespass even an act of inadvertence or mistake on the part of defendants. Baugh v. Berdoll,* 207 Pa. 420, 422 [76 A. 207] (1910) (emphasis added)

*See also Soifer v. Stein,* 101 Pa.Super. 135 (1930). Implicitly, the courts in *Baugh* and *Dodson v. Brown, supra,* held that there was no restriction on the plaintiffs' recovery since there were no "laches, inducement or acquiescence." This differs from the more recent case of *Yeakel v. Driscoll* where the court held that the encroachment of a fire wall was *de minimis,* applying the doctrine espoused by the

chancellor below in the instant case, *"de minimis non curat lex,"* which means that "a court will not grant equitable relief to a plaintiff who seeks a decree which will do him no good but which will work a hardship on another." *Yeakel v. Driscoll,* 321 Pa.Super. 238, 467 A.2d 1342, 1344 (1983). The court in *Yeakel* based its decision on facts indicating the plaintiff's acquiescence, express consent, as well as her actual utilization of the offending encroachment. Moreover the *Yeakel* panel noted that the chancellor below found no nexus between the plaintiff's asserted water problems and the encroaching fire wall so that removal of the firewall would not correct the plaintiffs alleged problem. The court held "Thus, the only benefit to be gained by plaintiff is to preserve her exclusivity to her two inches of property by forcing defendant to remove the fire wall from its present location." *Yeakel,* 321 Pa.Superior Ct. at 243, 467 A.2d at 1344. Further support for its holding was found in the pertinent city codes which require a fire wall. The court therefore held that relocation of the fire wall would do plaintiff no good and be a hardship on the defendant. Indeed, the wall protected *both* parties.

In the instant case, there was no acquiescence, no consent, no appropriation, no utilization of the land fill. We further note that the encroachment was not so trivial in effect that appellants will fail to realize a benefit by removal of the fill since their rights to exclusive ownership and domain will be preserved and protected. The aesthetic value of their property will presumably be improved, and the parcel may be landscaped to their taste and whim.

> When one intrudes upon the land of another, the latter has a choice of remedies;  he may compel a withdrawal of the intruder, or he may regard the intrusion as a permanent trespass ... *Except he has [sic] forfeited his right to the former remedy by conduct which would make its enforcement inequitable, he cannot be denied his privilege to pursue it.*

*Baugh v. Bergdoll,* 227 Pa. 420, 423, 76 A. 207 (1910) (emphasis added).

Accordingly, we hold that the chancellor below erred, and we reverse the order of the lower court and remand for entry of an order consistent with this opinion.

Order reversed, case remanded and jurisdiction relinquished.