J-S24025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FRANK R. KUSHER AND BARBARA A. KUSHER, HUSBAND AND WIFE | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ROBERT WOLOSCHUK AND KATHY WOLOSCHUK, HUSBAND AND WIFE, AND JAMES EXCAVATING, INC. | |
| Appellee | No. 1205 WDA 2016 |

Appeal from the Order entered May 13, 2016
In the Court of Common Pleas of Cambria County
Civil Division at No: 2012-3988

BEFORE:  PANELLA, STABILE, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 9, 2017**

Frank R. Kusher and Barbara A. Kusher, Husband and Wife ("Appellants" or "Kushers"), appeal from the May 13, 2016 order entered in the Court of Common Pleas of Cambria County dismissing their ejectment action against Robert Woloschuk and Kathy Woloschuk, Husband and Wife ("Woloschuks"), and James Excavation, Inc. ("James") (collectively "Appellees").   Following review, we affirm.

In a February 8, 2016 opinion issued in conjunction with an order denying Appellees' pre-trial motions, the trial court captured the essence of

_____

[*] Former Justice specially assigned to the Superior Court.

this case, noting, "[t]he case before the [c]ourt involves a dispute between adjoining land owners concerning a stream, a portion of pipe and a load of dirt." Trial Court Opinion, 2/8/16, at 1. Following disposition of the pre-trial motions, the parties agreed to submit the case on stipulated facts. From those stipulated facts we glean the following. The Kushers and the Woloschuks own adjacent parcels of property on Park Hill Drive in East Taylor Township, Cambria County. An unnamed tributary of the Little Conemaugh River runs under the Kushers' property. In the 1950s or 1960s, Frank Kusher's father installed a 24" concrete stream enclosure to contain the stream flow. The enclosure ran under the Kushers' property and ended close to the property line between the two properties.

In 1997, the Woloschuks installed a 36" stream enclosure to contain water from the Kushers' property and did so without obtaining a permit from the Department of Environmental Protection ("DEP"). The DEP investigated the site in 2006 and determined that remedial work was required. Discussions and proposals were floated back and forth between and among the Kushers, the Woloschuks, the parties' lawyers, the Woloschuks' engineers, and the DEP before construction was finally initiated and completed in 2012.

In 2013, the Kushers filed an ejectment action against the Woloschuks and their contractor, James, contending *inter alia* that the Woloschuks attached their storm water pipe onto the Kushers' pipe without permission to

do so, and that the DEP permitted the Woloschuks and James to fill the valley on the Kushers' property and dump fill on the Kushers' property without permission. The Kushers asked the trial court to order the DEP to revoke its permit or approval of the project "where it permits entry onto [Kushers'] property and disconnect and remove any connection or improvement from [the Kushers'] property performed without [the Kushers'] consent, and open to free flow of water [the Kushers'] pipeline clogged by the DEP project and prior dumping." Appellants' Amended Complaint at 4 (Prayer for Relief).

As noted, the parties submitted the case to the trial court on stipulated facts. By order dated May 13, 2016, the trial court determined the Kushers did not meet their burden of proof for an ejectment action. The Kushers filed exceptions to the May 13, 2016 order. The trial court properly treated the exceptions as a motion for post-trial relief and denied the requested relief by order entered on July 14, 2016. On August 9, 2016, the Kushers filed a praecipe for entry of judgment for purposes of filing an appeal from the May 13, 2016 order. This timely appeal followed. Both the Kushers and the trial court complied with Pa.R.A.P. 1925.

The Kushers present three issues for this Court's consideration:

A. Whether the trial court erred in concluding that Paragraphs 28 and 29 of the parties' joint stipulation of facts authorized [Appellees] to enter onto [Appellants'] property to excavate and attach a pipe to carry storm water under the Woloschuk property?

     B. Whether [Appellees'] actions in entering onto [Appellants']
        property to excavate and atttach (*sic*) a water pipe to the
        Woloschuk pipe were deminimis (*sic*)?

     C. Whether the trial court erred in not requiring [Appellees] to
        restore the grade to [Appellants'] land after excavation to
        make the pipe connection?

Appellants' Brief at 4.

In ***Triage, Inc. v. Prime Ins. Syndicate, Inc.***, 887 A.2d 303 (Pa. Super. 2005), this Court explained that "[w]hen a case is submitted on stipulated facts, the rulings of the trial court are limited to questions of law. Accordingly, our standard of review allows us to evaluate only whether the trial court committed legal error. Our scope of review is plenary." ***Id.*** at 306 (citing ***Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.***, 746 A.2d 1118, 1120 (Pa. Super. 1999) (*en banc*)).

Appellants' issues are interrelated and we shall discuss them together. Essentially, Appellants argue the trial court erred in finding Appellees were authorized to enter Appellants' property and attach a pipe to Appellants' pipe. Further, Appellants contend that Appellees' actions in excavating Appellants' property and attaching a water pipe were not *de minimis* and that the trial court erred because it did not require Appellees to restore the grade to Appellants' property.

One aspect of Appellants' argument focuses on Paragraphs 28 and 29 of the joint stipulation of facts.[1]  Appellants contend the trial court incorrectly read those paragraphs to authorize Appellees to enter onto Appellants' property to excavate and attach a storm pipe to carry storm water under the Woloschuks' property.  The Woloschuks counter that "looking at the Joint Stipulations of Fact as a whole it is clear that the Appellants admitted repeatedly that the 24" inch (*sic*) Kusher pipe would be connected to the drainage system and excavated."  Woloschuk Brief at 12.  Further, "[t]he drainage system as a whole was approved by the Pa DEP and the entire site was backfilled and is working properly."  **Id.** (citing Joint Stipulation of Facts ("JSF") at ¶¶ 34-37).

The trial court determined that two decisions from this Court were factually analogous to the case before us.  In the first, **Yeakel v. Driscoll**,

_____

[1] Paragraph 28 provides, "[Appellants], on June 19, 2010, consented to the original plan of October 20, 2006, as submitted without a catch basin or inlet pipe installed on their property as suggested by the DEP.  See Exhibit 'I' attached hereto."[FN]

> [FN:] Exhibit 'I' is a March 26, 2010 letter to Frank Kusher that he signed and dated June 19, 2010[,] and then returned, indicating he consented to approval of the Woloschuks' drainage plan and permit without a catch basin or inlet pipe being installed on the Kushers' property.

Paragraph 29 provides, "As a result of [Appellants'] consent, the catch basin and inlet pipe were not required by the DEP and no further objection or revocation of [Appellants'] consent to the original plan was received and [Appellees] moved forward with the original plan of October 20, 2006."

467 A.2d 1342 (Pa. Super. 1983), the plaintiff brought an ejectment action after discovering that the defendant's firewall encroached onto the plaintiff's property by two inches for a distance of twelve feet. The trial court denied relief after determining that the defendant mistakenly sought and obtained permission to construct the firewall from the plaintiff's son—a former owner of the property—rather than from the plaintiff. Further, the construction was in conformity with the applicable city codes and the encroachment was "de minim[i]s." On appeal, we affirmed, applying the "doctrine of 'de minim[i]s' . . . mean[ing] that the law will not concern itself with trifles. More specifically it means that a court will not grant equitable relief to a plaintiff who seeks a decree which will do him no good but which will work a hardship on another." *Id.* at 1344.

The second case, **Ochroch v. Kia-Noury**, 497 A.2d 1354 (Pa. Super. 1985), involved the erection of a chain-link fence and fill around the defendants' swimming pool. The fence and fill encroached upon the plaintiffs' property to the extent of 100 feet in length, ten feet in width, and five feet in height. The trial court directed the defendants to remove the fence but required them only to improve the look of the fill that was visible from the plaintiffs' pool and tennis area, finding the fill was a *de minimis* encroachment that should be improved but not removed. On appeal, this Court disagreed and distinguished the case from **Yeakel**, finding there was

no consent and noting the encroachment was not trivial. Therefore, all of the encroachments had to be removed.

Applying **Yeakel** and **Ochroch**, the trial court concluded:

[W]e are left with the entirely inescapable fact that [Appellants] in the instant matter consented for work to commence in 2010. The stipulated facts cited [in] paragraphs 28-29 bear that out in stark clarity. [Appellants] fall back on boilerplate language in the DEP permit that restricts the legal effect of the permit itself but says nothing as to the consent conferred outside its four corners.

In the long and tortured history of this case we have witnessed a trend where two adjoining landowners have been unable and in some cases unwilling to work together to alleviate a problem they were both experiencing related to flooding, drainage and other water related issues. This difficult and winding road of litigation had stymied the progress of any solution for years. The stipulated facts reveal that the work was completed at the end of 2012 and there is no evidence before the [c]ourt to suggest that it has not accomplished the goal of protecting both properties. All of the work was done in consultation with DEP. The letter from [Frank Kusher] of May 18, 2010[,] details his struggles with flooding since 2005. We believe that the disconnection of the pipe and removal of the fill at this point will do [Appellants] no good and be a hardship on [Appellees] and indeed, the drainage system protects both parties. With this in mind, we find that the stipulated facts bear out that [Appellants] consented to the work being done, it was done and now they want to undo it. Equity dictates that we cannot allow this to happen and we find support in the cases cited above.

Trial Court Opinion, 5/13/16, at 7 (citation omitted).

We find no error in the trial court's conclusions. Despite their protestations to the contrary, Appellants clearly consented to the original plan submitted to the DEP. **See** JSF at ¶ 28. Further, as James accurately argues, "ejectment is a possessory action only, and can succeed only if the

plaintiff is out of possession, and if he has a present right to immediate possession." James' Brief at 16. "Here, there is no contention that [Appellants] do not possess the land in question. The Stipulation of Facts establishes that any possession or occupation of the property by [] Appellees was authorized and temporary in nature." *Id.* Therefore, the trial court did not err in determining Appellants failed to meet the burden of proof required to prevail in an ejectment action.

Appellants contend the Woloschuks' conduct poses a "genuine safety [h]azard to Kushers should the pipe back up and flood their home." Appellants' Brief at 7. However, as the Woloschuks observe, "[t]he trial court properly analyzed that the disconnection of the pipe and removal of the fill at this point . . . would be a significant hardship on [the Woloschuks] with no known benefit to the Appellants." Woloschuks' Brief at 15. *See* Trial Court Opinion, 5/13/16, at 7. There is no evidence of any safety concerns or the risk of flooding, only Appellants' suggestion that burial of their pipe with fill prevents them from examining and cleaning their pipe to avoid backups.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2017