J-A19017-20

2020 PA Super 276

| ELAINE CARUSO-LONG AND ERIC LONG | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| Appellants | : | |
| v. | : | |
| | : | No. 3458 EDA 2019 |
| GEORGE RECCEK, EXECUTOR OF THE ESTATE OF: DELORES MCFARLAND, DECEASED AND FOXWOOD DEVELOPMENT HOMEOWNERS ASSOCIATION | : | |

Appeal from the Order Entered October 23, 2019
In the Court of Common Pleas of Monroe County Civil Division at No(s):
No. CV2018-5151

BEFORE: PANELLA, P.J., McLAUGHLIN, J., and McCAFFERY, J.

OPINION BY McLAUGHLIN, J.: Filed: November 25, 2020

Elaine Caruso-Long and Eric Long ("Appellants") appeal *pro se* from the entry of summary judgment in favor of George Reccek, in his role as executor of the estate of Delores McFarland. Reccek is Delores McFarland's son. Appellants claim that the court erred in granting Reccek's motion for summary judgment based on the statute of limitations. We reverse and remand for further proceedings.

This case stems from a dispute among neighbors about trees growing along a property line. Appellants own a home in a private community known as Foxwood in Kresgeville, Pennsylvania. Appellants purchased a home in Foxwood in 2003 with a yard abutting a property owned by James and Delores

McFarland. The McFarlands have both passed away. On the McFarlands' side of the property is a line of mature trees behind a fence.

Appellants aver that when they purchased their home in 2003, the trees were no more than 8 to 10 feet high and not overgrown. Appellants' Br. at 19. They claim that over time the trees have grown to over 55 feet and drop needles and branches on Appellants' property, causing damage to their property, including to a garden and an above ground pool. *Id.* at 18. Appellants also contend that the trees' roots are approaching the foundation of their home and have damaged their property, including a paved patio. *Id.* Appellants admit that in 2009 they noticed that the trees' branches were encroaching on their property. *Id.* at 19. Appellants also maintain that in 2016, a tree branch fell on Caruso-Long's head and caused a significant injury. *Id.* at 16. They further assert that in February 2018, a 30-foot limb fell on and damaged their fence. *Id.* at 23. Appellants have provided monetary estimates in support of their claims. Appellants allege that they repeatedly approached both the McFarlands and Reccek about the trees, but other than some pruning in 2013, their concerns have not been addressed. *Id.* at 17-22.

Appellants instituted this suit in July 2018. They asserted claims of trespass, nuisance, and negligence against Reccek, and breach of contract against Foxwood's homeowners' association. The parties filed motions for judgment on the pleadings, and the trial court dismissed the negligence claim against Reccek and the breach of contract claim against the homeowners' association.

Reccek filed the instant motion for summary judgment in August 2019, asserting that Appellants' remaining nuisance and trespass claims were barred by the statute of limitations. Reccek also claimed that because Appellants had allegedly failed to respond to Reccek's request for admissions in a timely manner, they could not establish damages. In an opinion and order dated October 23, 2019, the trial court granted Reccek's summary judgment motion based on the statute of limitations alone. It did not rule on the damages issue. Appellants timely appealed and raise the following issues:

1. Did the court err in its October 23, 2019 ruling, by inappropriately applying a Statute of Limitations to an Ongoing Trespass, thereby depriving [Appellants] of their right to trial?

2. Did the court err in its October 23, 2019 ruling, by failing to consider [Appellants'] multiple submission(s) of dated Photographic chronological proof and multiple expert reports attesting to Ongoing Trespass, thereby depriving [Appellants] of their equitable relief?

3. Did the court err in granting summary judgment and dismissing [Appellants'] case thereby precluding them from even filing for injunctive relief to an ongoing Trespass?

Appellants' Br. at 12-13.

Appellants present a single argument section in their brief addressing all three of their issues. Their failure to divide their argument "into as many parts as there are questions to be argued" violates the Rules of Appellate Procedure. **See** Pa.R.A.P. 2119(a). We will nonetheless address their issues on the merits because the violation does not fatally impede our review. **See Lemenestrel v. Warden**, 964 A.2d 902, 910 n. 5 (Pa.Super. 2008).

The essence of their argument is that the trees at issue constitute a continuing rather than permanent trespass and nuisance. Appellants contend that the trial court failed to consider that the trees have caused, and will continue to cause, "multiple separate, recurrent, and unpredictable incidents" of damage to their property. Appellants' Br. at 51. In support, Appellants cite **Kowalski v. TOA PA V, L.P.**, 206 A.3d 1148, 1163 (Pa.Super. 2019). There, this Court concluded that water flowing from a condominium development onto the plaintiff's property constituted a continuous trespass such that the statute of limitations did not begin to run upon the condominium's initial construction. Appellants maintain that because their case involves a continuing trespass and nuisance, the trial court erred by dismissing their case.

Conversely, Reccek contends that the trial court properly applied the statute of limitations to Appellants' nuisance and trespass claims. He argues that the statute of limitations started running in 2009, when Appellants concede they first noticed that the trees were encroaching their property and causing damage. Reccek likens this case to **Cassel-Hess v. Hoffer**, 44 A.3d 80 (Pa.Super. 2012). There, this Court concluded that the construction on a neighboring property of an allegedly mosquito-infested lake abutting and slightly flowing into plaintiff's property constituted a permanent nuisance and triggered the statute of limitations to begin running at the inception of the problem. **Id**. at 87-88. Reccek emphasizes that our Court in **Cassel-Hess** reasoned that the lake was a permanent feature of the neighbor's land, the

consequences of which had been unremitting, and damages stemming from it could be predictably ascertained. ***Id.***

Reccek thus argues that the trees at issue here, like the mosquito-infested lake in ***Cassel-Hess***, constitutes a permanent fixture on the land, with damages that are reasonably ascertainable. Reccek's Br. at 34-35. Hence, Reccek argues that the trees constitute a permanent condition triggering the statute of limitations in 2009, when Appellants have admitted that they had reason to notice the alleged trespass and nuisance.

Whether there is a genuine issue of material fact is a question of law, and our standard of review is *de novo* and our scope of review is plenary. ***Nicolaou v. Martin***, 195 A.3d 880, 891 (Pa. 2018) (citing Pa.R.C.P. 1035.2(1)). [S]ummary judgment is only appropriate in cases where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." ***Id.*** "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party and must resolve all doubts as to the existence of a genuine issue of material fact against the moving party." ***Id.*** We reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. ***Id.*** at 892.

The tort of trespass is "[a]ny physical entry upon the surface of the land," and may occur by any number of means, such as walking on, flooding, or throwing objects on land. ***Jones v. Wagner***, 624 A.2d 166, 169 (Pa.Super. 1993) (citation omitted). A nuisance is "the unreasonable, unwarrantable, or

- 5 -

unlawful use by a person of his own property . . . producing such material annoyance, inconvenience, discomfort or hurt that the law will presume a consequent damage." **Cassel-Hess**, 44 A.3d at 85-86 (quoting **Kramer v. Pittsburgh Coal Co.**, 19 A.2d 362, 363 (Pa.1941))..

Actions for trespass and actions for nuisance are both subject to a two-year statute of limitations. **See Cassel-Hess**, 44 A.3d at 88-89.[1] However, when the statute of limitations begins to run for causes of action for trespass and nuisance depends on whether the wrong is permanent or continuing. A permanent trespass or nuisance, as the name suggests, is one "that effects a permanent change in the condition of the land," and in such a case, "the statute of limitations begins to run at the time of the original trespass." **Id.** at 86. A permanent trespass or nuisance entitles the possessor of the land to institute a single action for all past and future damages. **Id.**

Conversely, in the case of a continuing trespass or nuisance "it is impossible to know exactly how many incidents of trespass will occur in the future, or the severity of the damage that may be caused, such that the full amount of damages cannot be calculated in a single action." **Kowalski**, 206 A.3d at 1161. For that reason, a party aggrieved by a continuing trespass or

---

[1] **See also** 42 Pa.C.S.A. § 5524(4) ("The following actions and proceedings must be commenced within two years . . . An action for waste or trespass of real property"); 42 Pa.C.S.A. § 5524(7) ("The following actions and proceedings must be commenced within two years . . . . Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional or otherwise tortious conduct")

nuisance can maintain a succession of actions based on continuing infractions or the aggravation of the original offense. ***Id.***

To determine whether a trespass or nuisance constitutes a permanent or continuing cause of action, courts must consider a variety of factors, including: 1) "the character of the structure or thing which produces injury"; 2) whether "'the consequences of the [trespass/nuisance] will continue indefinitely'"; and, 3) whether the "'past and future damages' may be predictably ascertained." ***Cassel-Hess***, 44 A.3d at 87 (quoting ***Sustrik v. Jones & Laughlin Steel Corp.***, 197 A.2d 44, 46-47 (Pa. 1964)).

In the case *sub judice*, we must consider if the alleged trespass and nuisance were permanent or continuing in order to determine if the trial court properly applied the statute of limitations. In ***Jones***, this Court considered whether a homeowner could resort to self-help when contending with a neighbor's overgrown trees. In the context of that discussion, we noted the "continuing" nature of the trespass that encroaching trees present:

> The continuing presence of the branches and trees overhanging property lines indicates that the nature of the relief afforded to the aggrieved landowner is not limited to monetary relief. The Restatement notes that a continuing trespass is committed by the "continued presence of a structure, chattel, or other thing which the actor has tortiously placed there, whether or not the actor has the ability to remove it." Restatement (Second) of Torts § 161(a). An actor places branches "tortiously" on another's property when he is subject to liability in tort, that is, when he is trespassing onto another's property. ***Id***., comment a. As we have noted, a trespass occurs by a mere overhang. Furthermore, given the rather unremarkable observation that trees will tend to grow, the trespass, even if remedied once, is bound to recur just as soon as the trees or shrubbery regenerate. ***See***, ***Graybill v. Providence***

> ***Twp.***, [593 A.2d 1314 (Pa.Commw.Ct, 1991)] (recurring flooding on plaintiff's land caused by defendant's conduct is a continuing trespass). Thus, the trespass is "continuing" and the possessor of land is entitled to pursue a proper remedy.

***Jones***, 624 A.2d at 170.

We concur with the ***Jones*** court's characterization of the trespassing trees as presenting a "continuing" cause of action. Reccek brings ***Jones*** to this Court's attention but argues that the above passage was mere *dicta* and that the ***Jones*** court failed to consider the requisite factors. Even if it is *dicta*, we find the ***Jones*** Court's discussion persuasive. Although not explicit, the ***Jones*** court engaged in the analysis the factors require, and that same analysis applies with full force here. As this Court explained in ***Jones***, unless the trees are removed, the branches and roots will continue to grow and are likely to cause repeated damage to Appellants' property or to Appellants themselves, rendering the calculation of future damages speculative at best. Appellants' causes of action for trespass and nuisance are continuing in nature. ***See Kowalski***, 206 A.3d at 1161.

Reccek cites the Tennessee case, ***Lane v. W.J. Curry & Sons***, 92 S.W.3d 355 (Tenn. 2002), to urge this Court to turn away from the analysis set forth in ***Jones***, and not afford a cause of action every time a "tree or plant so much as drops a leaf or casts shade upon another's land." Reccek's Br. at 37 (quoting ***Lane***, 92 S.W.3d at 363). This argument misses the mark. The analysis set forth ***Cassel-Hess*** and related cases binds us, and, as a three-judge panel, we cannot ignore or overrule those cases.

Moreover, we do not have before us a facial challenge to causes of action for trespass and nuisance for encroaching trees and plants. *Lane* was not a statute of limitations case, but rather was about the circumstances in which encroaching trees and plants constitute a cause of action for nuisance. *Id.* at 359 n.2. In contrast, Appellants' issues go to when the statute of limitations began to run. Indeed, to the extent *Lane* contains any discussion about the issue we address, it supports our decision here. The court there, in turning aside a laches argument, quoted our observation in *Jones* that "trees tend to grow" and "the trespass is bound to recur," and said, "[B]ranches and roots can constitute a continuing nuisance which can recur no matter what the injured party does by way of self-help, absent the removal or destruction of the tree." *Id.* (quoting *Jones*, 624 A.2d at 170). Although not the holding of *Lane*, that statement reinforces our conclusion here.

Accordingly, we conclude that the trial court erred by dismissing on statute of limitations grounds Appellants' causes of action for trespass and nuisance against Reccek. We do not address Reccek's request that we affirm in part on the alternative basis that Appellants cannot establish certain damages, without prejudice to Reccek's ability to seek such a ruling from the trial court in the first instance.

Order reversed. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/25/20