J-S20002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EDWARD SMITH AND NANCY SMITH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CASEY J. BONINCONTRO AND | : | |
| STEPHANIE BONINCONTRO | : | |
| | : | No. 1098 WDA 2021 |
| Appellants | : | |

Appeal from the Judgment Entered September 15, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-15-013214

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: SEPTEMBER 7, 2022**

Appellants Casey J. Bonincontro and Stephanie Bonincontro appeal from the judgment entered in favor of Appellees Edward Smith and Nancy Smith.[1] Appellants argue that the trial court erred by admitting hearsay evidence, ordering Appellants to remove expansions to a prescriptive easement at their own expense, and failing to apply the statute of limitations and dismiss Appellees' complaint.  We affirm.

The trial court set forth the factual history of this matter as follows:

_____

[1] Appellants filed their notice of appeal on September 16, 2021, and they purported to appeal from the August 20, 2021 order amending the July 28, 2021 verdict and denying post-trial motions.  However, the appeal properly lies from the September 15, 2021 judgment entered on the verdict.  ***See Sagamore Estates Prop. Owners Ass'n v. Sklar***, 81 A.3d 981, 983 n.3 (Pa. Super. 2013).  We have corrected the caption accordingly.

> [Appellees] have owned their home in Collier Township, known as 1086 Gregg Station Road, since 1985. [Appellants] purchased land next to [Appellees] in 2012 and began constructing their home, known as 1090 Gregg Station Road, in 2015. Both properties are part of an unrecorded plan of lots that shows a twenty[-]foot wide alley running along the northern boundary of both properties. This alley provides the only access from [Appellants'] property to Gregg Station Road. [Appellees] initiated this litigation in August of 2015 after [Appellants] recorded a sanitary sewer easement that crossed the twenty[-]foot wide alley. The relief requested in [Appellees'] complaint included a declaration that the sanitary sewer easement is invalid due to [Appellees'] property rights in the alley it crossed.
>
> When [Appellants] purchased their land in 2012, there was a very narrow, unpaved driveway, cartway, or "cart path" connecting it to Gregg Station Road. [Appellants'] subsequently placed geo mesh over the cart path and also widened it. After [Appellees] had a survey done of their land that showed the widened cart path encroached on [] their land by at least 12.6 feet, they were permitted to file an amended complaint with a trespass cou[n]t. [Appellees] dismissed claims against three defendants (the parents of Casey Bonincontro and Joseph Cooper) and agreed to the entry of summary judgment in favor of a fourth (Collier Township Municipal Authority). The case having been assigned to [the court] following recusals by two other judges, [the court] presided over the non-jury trial of the dispute that became extensively about the trespass claim against [Appellants].
>
> [The court's] July 28, 2021 verdict requires [Appellants] to, at their expense, remove and restore four feet of the encroaching driveway/cart path and remove encroaching shrubs and stones from their southern and western boundaries with [Appellees]. [Appellants] filed a motion for post-trial relief, which [the court] denied. They then entered judgment on [the] verdict . . . .

Trial Ct. Op., 11/10/21, at 1-2.

Appellants timely filed a notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) opinion addressing Appellants' claims.

- 2 -

On appeal, Appellants raise the following issues for our review, which we have re-ordered for ease of analysis:

1. Whether the trial court abused its discretion and erred as a matter of law by permitting hearsay testimony at trial, which served as the primary support for the alleged widening of the cart path[, and] giving rise to Appellees' trespass claim.

2. Whether the trial court erred in ordering Appellants, at their own expense, to remove and no longer use as a driveway a large portion of the cart path leading to their home where the evidence and Pennsylvania law establish that (i) the cart path is an easement by prescription, and (ii) the cost of relocation is to be borne by the party that seeks the relocation, *i.e.*, [Appellees].

3. Whether the trial court erred in ordering Appellants, at their own expense, to restore the removed portion of the cart path to its original condition and widen it by four feet because (i) the cart path is an easement by prescription and (ii) Pennsylvania law requires the cost of relocation to be borne by the party that seeks the relocation, *i.e.*, [Appellees].

4. Whether the trial court erred as a matter of law by failing to apply the statute of limitations to dismiss Appellees' untimely trespass claim.

5. Whether the trial court erred in ordering Appellants to remove "3' Dia Shrubs" and the "Edge of Stones" from the northern and eastern boundary lines of tax I.D. numbers 331-P-5 and 331-N-1 when (i) [Appellees] never included such prayers for relief in their complaint or amended complaint, and (ii) offered insufficient evidence at trial to support this form of relief.

6. Whether the trial court erred as a matter of law and abused its discretion in refusing to strike from the record and by considering points raised for the first time in [Appellees'] post-trial submissions, such as [Appellees'] proposed findings of facts, which cited to no trial evidence and relied exclusively on inadmissible hearsay and deposition transcripts that were never offered or admitted into evidence at trial.

Appellants' Brief at 4-6 (some formatting altered).[2]

**Hearsay Evidence**

In their first claim, Appellants contend that the trial court erred in allowing Edward Smith to give inadmissible hearsay testimony regarding statements made by Casey Bonincontro during his deposition.[3] Appellants' Brief at 26-27.

By way of background to this claim, we note that on direct examination, Appellees' counsel asked Mr. Smith how far the geo-mesh[4] extended past the boundaries of the cart path. *See* N.T. Trial, 5/20/21, at 122. Referring to Mr. Bonincontro's deposition testimony, Mr. Smith stated: "Well, I believe Mr. Bonincontro testified that it was 10 feet." *Id.* Appellant made a hearsay objection, which trial court overruled. *See id.* at 122-23.

---

[2] Appellants' brief lists six identified issues of error in their statement of questions presented on appeal. However, the argument section of their brief does not correspond to these questions. For example, Appellants' fourth issue is contained within the brief as a sub-issue of their first issue. Regardless, these errors do not impede our appellate review, so we decline to find waiver. *Cf. Sephakis v. Pennsylvania State Police Bureau of Recs. & Identification*, 214 A.3d 680, 686 (Pa. Super. 2019) (stating that where defects in a brief "impede our ability to conduct meaningful appellate review, we may dismiss the appeal entirely or find certain issues to be waived").

[3] Appellants objected to Mr. Smith's testimony that recounted Mr. Bonincontro's deposition testimony that Mr. Bonincontro placed an iron pin in the southwest corner of the Smith property, and Mr. Smith's testimony that Mr. Bonincontro testified at deposition that the geo-mesh widened the cart path by ten feet. Appellants' Brief at 26-27.

[4] Mr. Smith referred to the geo-mesh as "tarp." N.T. Trial, 5/20/21, at 122.

Shortly thereafter, Appellees' counsel began questioning Mr. Smith about the survey he commissioned from Tait Engineering. *See id.* at 123-27. While describing the survey, boundaries, and improvements made to the cart path, Mr. Smith once again testified regarding statements from Mr. Bonincontro's deposition testimony. *See id.* The following exchange took place:

> [Appellants' counsel]: This is, again, hearsay.
>
> THE COURT: I think that's a pretty classic exception to the rule there.
>
> [Appellees' counsel]: It was under oath and in a deposition.
>
> THE COURT: A couple things. [Mr. Bonincontro] is a party.
>
> [Appellants' counsel]: But I guess to clarify, that's not what he said.
>
> THE COURT: Well, you can do that however you want, but [Mr. Smith] wants to say that the other side said something, that's generally going to be an admission. Falls within that exception to the rule. That's a party statement . . . . So you're certainly welcome to dispute it any way you wish to, with transcript or whatever, cross-examination or through Mr. Bonincontro's testimony, whatever, but it is in.

*Id.* at 127-28 (some formatting altered).

On appeal, Appellants argue that Mr. Smith's testimony was inadmissible hearsay that did not meet the requirements for the opposing party statement exception set forth at Pa.R.E. 803(25). Appellants' Brief at 27. In support, Appellants contend that Mr. Smith "merely testified as to **his belief** regarding what [Mr.] Bonincontro stated during deposition." *Id.* at 27. Further, Appellants emphasize that the "deposition itself was never offered

nor admitted as evidence" and claim that Mr. Smith "was either mistaken or he intentionally misrepresented [Mr.] Bonincontro's deposition" during his testimony. *Id.* at 28. Finally, Appellants argue that because "Mr. Bonincontro was present at trial and available to testify," the use of his deposition testimony was also improper under Pa.R.E. 804(b)(1). *Id.* at 27. Therefore, Appellants conclude that the trial court abused its discretion by allowing Mr. Smith to testify about Mr. Bonincontro's deposition testimony at trial. *Id.*

Our standard of review of a non-jury trial is well settled:

Our review in a nonjury case is limited to whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in the application of law. We must grant the court's findings of fact the same weight and effect as the verdict of a jury and, accordingly, may disturb the nonjury verdict only if the court's findings are unsupported by competent evidence or the court committed legal error that affected the outcome of the trial. It is not the role of an appellate court to pass on the credibility of witnesses; hence we will not substitute our judgment for that of the factfinder. Thus, the test we apply is not whether we would have reached the same result on the evidence presented, but rather, after due consideration of the evidence which the trial court found credible, whether the trial court could have reasonably reached its conclusion.

*Berg v. Nationwide Mut. Ins. Co., Inc.*, 189 A.3d 1030, 1036 (Pa. Super. 2018) (citation omitted).

With respect to evidentiary rulings, this Court has explained:

Admission of evidence is within the sound discretion of the trial court and a trial court's rulings on the admission of evidence will not be overturned absent an abuse of discretion or misapplication of law. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the

result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

***Maisano v. Avery***, 204 A.3d 515, 523 (Pa. Super. 2019) (citations omitted).

"[T]he Pennsylvania Rules of Evidence define 'hearsay' as an out of court statement offered in court for the truth of the matter asserted. . . . Generally, hearsay is inadmissible at trial unless it falls under an exception provided by the Rules." ***Carlini v. Glenn O. Hawbaker, Inc.***, 219 A.3d 629, 640 (Pa. Super. 2019) (citations omitted); ***see also*** Pa.R.E. 802.

Rule 803 lists various exceptions to the hearsay rule, which may be invoked regardless of whether the declarant is available as a witness. Pa.R.E. 803. One such exception is an opposing party's statement, which is a "statement [] offered against an opposing party and . . . made by the party in an individual . . . capacity." Pa.R.E. 803(25)(A); ***see also Sutch v. Roxborough Mem'l Hosp.***, 142 A.3d 38, 72-73 (Pa. Super. 2016).

Finally, we note that Rule 804(b)(1) provides a hearsay exception for former testimony, including statements made during a deposition, which may be introduced at trial if the declarant is unavailable as a witness. Pa.R.E. 804(b)(1).

Here, the trial court concluded that Mr. Smith's testimony about Mr. Bonincontro's deposition statements fell "within the hearsay exception for an opposing party's statement." Trial Ct. Op. at 8 (citations omitted).

Based on our review of the record, we discern no abuse of discretion in the trial court's conclusion. ***See Maisano***, 204 A.3d at 523. As noted by the

trial court, Mr. Smith properly testified concerning out-of-court statements by Mr. Bonincontro, who was an opposing party. *See* Pa.R.E. 803(25) (stating that an opposing party's statement can be admitted regardless of whether the declarant is available to testify at trial); *see also Sutch*, 142 A.3d at 72-73. Therefore, to the extent that Appellants argue that Mr. Smith's testimony was improper under Pa.R.E. 804, we conclude that that this claim is meritless. *See* Pa.R.E. 804(b)(1) (stating that former testimony from a deposition is admissible as an exception to the hearsay rule if the declarant is unavailable as a witness). Finally, we note that although Appellants dispute the accuracy of Mr. Smith's description of Mr. Bonincontro's deposition statements, Appellants did not elicit testimony or present evidence to the contrary. Accordingly, on this record, we agree with the trial court's explanation that Appellants could have challenged Mr. Smith's testimony on cross-examination and/or sought to introduce the pertinent sections of the disputed deposition transcript, but Appellants did not do so.[5] *See* N.T. Trial, 5/20/21, at 128. Therefore, Appellants are not entitled to relief.

## Trespass and Cost of Relocation

In their next two issues, Appellants contend that the trial court erred in finding that the widening of the cart path constituted a trespass rather than an easement by prescription. Appellants' Brief at 23-39. In support, Appellants contend that the 2015 improvements were within the bounds of

---

[5] *See, e.g.*, *Commonwealth v. Edwards*, 903 A.2d 1139, 1157 (Pa. 2006) (noting that a party cannot complain of his inability to cross-examine himself).

the prescriptive easement for the cart path as it existed in 2012. **See id.** at 24. Appellants also claim that there was no admissible testimony establishing that the cart path expansions were beyond the boundaries of the easement. **See id.** at 24-25. Additionally, Appellants argue that the trial court erred by ordering them to remove the widened portion of the cart path and to restore it to its original condition at their own expense because Pennsylvania law requires that the cost of relocation is to be borne by the party seeking the relocation, *i.e.*, Appellees. **See id.** (citing **Soderberg v. Weisel**, 687 A.2d 839 (Pa. Super. 1997) (holding that where an easement by prescription is relocated at the request and to the benefit of the easement holder, the party requesting relocation bears the costs)).

With respect to prescriptive easements, this Court has stated that an easement is not fixed by agreement between parties or their predecessors-in-interest. **See Soderberg**, 687 A.2d at 843 n.3. Rather, this Court has explained:

> A prescriptive easement is created by (1) adverse, (2) open, (3) notorious, (4) continuous and uninterrupted use for a period of twenty-one (21) years. Moreover, the party asserting the easement must demonstrate clear and positive proof. Permissive use defeats a claim of a prescriptive easement. The landowner has the burden of proving consent, but only after the alleged easement holder proves the use was adverse, open, notorious, and continuous for 21 uninterrupted years.

**Village of Four Seasons Ass'n, Inc. v. Elk Mountain Ski Resort, Inc.**, 103 A.3d 814, 822 (Pa. Super. 2014) (citations and quotation marks omitted).

Additionally, this Court has held that a "prescriptive easement, unlike an express easement by grant, [is] narrowly limited to the extent of use rather than [the] mode of use exercised during the period of prescription[.]" **Hash v. Sofinowski**, 487 A.2d 32, 33 (Pa. Super. 1985). "A reasonable increase in degree of use is thus permissible whereas an expansion of the original easement is not." **See id.** at 36 (citation omitted).

Where a prescriptive easement does not exist, "[t]he tort of trespass is any physical entry upon the surface of the land, and may occur by any number of means, such as walking on, flooding, or throwing objects on land." **Caruso-Long v. Reccek**, 243 A.3d 234, 238 (Pa. Super. 2020) (citation omitted and formatting altered). Additionally, a plaintiff whose land is encroached upon has an absolute right to have the encroachment removed. **See**, **e.g.**, **Ochroch v. Kia-Noury**, 497 A.2d 1354, 1355-56 (Pa. Super. 1985) (citations omitted).

Further, with regard to credibility determinations, we note that

[w]e are bound by the findings of the trial court which have adequate support in the record, so long as the findings do not evince capricious disregard for competent and credible evidence. The trial court is free to believe all, part, or none of the evidence presented, and is likewise free to make all credibility determinations and resolve conflicts in the evidence. However, this court is not bound by the trial court's conclusions of law. We may draw our own conclusions from the facts as established.

**Triffin v. DiSalvo**, 643 A.2d 118, 120 (Pa. Super. 1994) (citation omitted).

Here, in addressing the status of the enlarged easement on Appellees' property, the trial court explained:

[The court agrees] that a prescriptive easement exists for the cart path as it was configured before [Appellants] purchased their land in 2012. However, when they widened [the cart path] they encroached on [Appellees'] property. Both [Appellees] credibly testified [that Appellants] used geo mesh and gravel to significantly widen the cart path that runs to their property. On the other hand, Mrs. Bonincontro's denial that the cart path moved or changed was not credible. Clearly the area of the cart path to be removed is not within the twenty[-]foot wide alley shown in the unrecorded plan but instead is on [Appellees'] side of their boundary line. [Appellants] had no right to expand the cart path on to [Appellees'] land, and [Appellees'] right to have this encroachment removed and the land restored to its previous condition is absolute.

Trial Ct. Op. at 2 (citations omitted).

Further, with regard to Appellants' financial responsibility for the removal and restoration of the original easement, the trial court explained:

[Appellants'] flawed argument appears to be premised on the ruling in [**Soderberg**] that the beneficiary of the relocation bears its cost. This reliance on **Soderberg** is mistaken . . . . In the dispute between [Appellees] and [Appellants, Appellants] do not have a prescriptive easement over the 4'x120' portion of the cart path that must be removed. Unlike the Weisels' easement in **Soderberg**, [Appellants] had no right to expand the cart path on to [Appellees'] property and [Appellees] have an absolute right to have this encroachment removed.

**Id.** at 3 (some citations omitted and formatting altered).

Based on our review of the record, we find no abuse of discretion or error of law in the trial court's conclusions. **See Maisano**, 204 A.3d at 523. As noted previously, the trial court credited Appellees' testimony that Appellants' improvements had significantly widened the cart path and rejected Mrs. Bonincontro's testimony that the cart path had not moved or changed. **See** Trial Ct. Op. at 2. In making that determination, the trial court

- 11 -

emphasized that the cart path was not within "the twenty-foot wide alley shown in the unrecorded plan" and had encroached onto Appellees' property. *See id.* The record supports the trial court's factual findings. *See Triffin*, 643 A.2d at 120. Therefore, on this record, the trial court acted appropriately within its discretion in determining that the cart path had been enlarged beyond the boundaries of the original easement, which constituted a trespass. *Caruso-Long*, 243 A.3d at 238; *see also Ochroch*, 497 A.2d at 1355-56.

Likewise, upon our review of the record, we agree with the trial court's reasoning that Appellees sought relief from trespass, rather than the relocation of a prescriptive easement, and that Appellees established the absolute right to have the widened cart path removed at Appellants' expense. *Ochroch*, 497 A.2d at 1355-56; *cf. Soderberg*, 687 A.2d at 842. Accordingly, Appellants are not entitled to relief.

**Statute of Limitations**

In their next issue, Appellants contend that the trial court erred by refusing to apply the two-year statute of limitations to Appellees' trespass claim. Appellants' Brief at 39-40. In support, Appellants argue that their use of the cart path commenced in 2012 at the latest. *See id.* at 39. Appellants further contend that the alleged trespass concerning the cart path was of a permanent and ongoing nature, and that the statute would have begun to run at the time of Appellants' use of the original cart path which occurred in 2012. *See id.* Appellants therefore argue that Appellees' claim is time barred by the

two-year statute of limitations because Appellees filed their trespass action in 2017. ***See id.***

Trespass claims are subject to a two-year statute of limitations. ***See*** 42 Pa.C.S. § 5524(4). However, this Court has explained:

> [W]hen the statute of limitations begins to run for causes of action for trespass . . . depends on whether the wrong is permanent or continuing. A permanent trespass . . . , as the name suggests, is one that effects a permanent change in the condition of the land, and in such a case, the statute of limitations begins to run at the time of the original trespass. A permanent trespass . . . entitles the possessor of the land to institute a single action for all past and future damages.

***Caruso-Long***, 243 A.3d at 239 (citations and quotation marks omitted).

Here, the trial court addressed the timeliness of Appellees' trespass claim as follows:

> The statute of limitations for trespass of real property is two years. Mrs. Smith testified the widening of the cart path on to [Appellees'] land via the geo mesh and gravel had not been done as of the time [Appellants] started building their home. Mrs. Bonincontro was not challenged in testifying that the home's foundation was constructed in September of 2015. Hence, widening of the cart path occurred no earlier than September of 2015, giving [Appellees] until at least September of 2017 to make the trespass claim. Since [Appellees'] amended complaint with the trespass count was filed in February of 2017, the claim for trespass for widening the cart path was not barred by the statute of limitations.

Trial Ct. Op. at 4-5 (citations omitted).

Based on our review of the record, we find no error in the trial court's conclusions. ***See Berg***, 189 A.3d at 1036. The trial court reasoned that the subject trespass was not the original cart path as it existed when Appellants'

- 13 -

use commenced in 2012, but the widening of the cart path that began in September of 2015. Therefore, because the statute began to run in September of 2015, the trial court concluded that Appellees' February 2017 action for trespass was timely and not barred by the statute of limitations. **See Caruso-Long**, 243 A.3d at 239. We agree with trial court's reasoning and conclude that Appellants are due no relief on this claim.

**Expansion of Relief**

In their next issue, Appellants contend that the trial court erred by ordering them to remove three feet of shrubs and a stone edge from the northern and eastern boundary lines of the property. Appellants' Brief at 41-46. Appellants argue that Appellees did not request such relief in their complaint nor amended complaint. Further, Appellants contend that Appellees did not provide sufficient evidence to support this form of relief at trial. Appellants argue that the court abused its discretion by granting this relief.

Pennsylvania courts have long held that "[a] prayer for general relief is as broad as the equitable powers of the court. Under such a prayer a chancellor in equity may grant any relief that is consistent with the theory and purpose of the action." **William Penn Sch. Dist. v. Pennsylvania Dep't of Educ.**, 170 A.3d 414, 450 (Pa. 2017) (citations omitted). Further, this Court has observed that, when objections are not made to general pleading allegations, the available scope of a party's proof may be extended. **See Reynolds v. Thomas Jefferson Univ. Hosp.**, 676 A.2d 1205, 1209-10 (Pa. Super. 1996) (citations omitted).

- 14 -

Following our review of the parties' briefs, the relevant law, and the trial court's opinion, we affirm on the basis of the trial court's reasoning concerning this issue. *See* Trial Ct. Op. at 5-6 (some citations omitted). Specifically, we agree with the trial court that Appellants' preliminary objections were not properly submitted to the trial court, and that accordingly, there were no objections to Appellees' general pleadings. *See id.* Additionally, on this record, we agree that the depositions and discussions between counsel and the trial court establish that Appellants were on notice that the encroachment by the shrubs and stones would be at issue at trial. *Id.* at 6. Finally, the record reflects that there was sufficient evidence to establish that the shrubs and trees were on Appellees' property. *Id.* Therefore, the trial court acted properly within its discretion in concluding that the evidence was sufficient to warrant an order of removal and Appellants are due no relief.

**Post-Trial Submissions**

In their final issue, Appellants argue that the trial court erred by considering Appellees' post-trial submissions and failing to strike those filings from the record. Appellants' Brief at 46. In support, Appellants contend that Appellees filed proposed findings of fact that relied exclusively on inadmissible hearsay and deposition transcripts that were never offered or admitted into evidence at trial. *See id.* at 47. Therefore, Appellants conclude that the trial court erred by relying on these filings in rendering a verdict. *Id.* at 51.

The trial court addressed this issue as follows:

[Appellees'] proposed findings of fact, which is document 116 in the Department of Court Records electronic docket, consists of proposed findings of fact signed by [Appellees'] attorney, three surveys that were admitted into evidence during the trial, the affidavit of Edward Smith, [Appellees'] request for judgment relief, the transcript of the April 23, 2021 deposition of Casey Bonincontro and the transcript of the April 22, 2021 deposition of Stephanie Bonincontro. The proposed findings of fact and affidavit of Edward Smith['s] portions of document 116 for the most part contain facts supported by testimony and other evidence from trial. [Appellees'] request for judgment relief informed [the court] of all of the relief requested. [The court] had asked [Appellees] for this at the end of the trial. In arriving at the verdict, [the court] carefully considered all of the relief requested in this portion of document 116. [The court] did not grant the majority of the relief requested, but [Appellees'] request for judgment relief provided [the court] with those remedies contained in the verdict. While the deposition transcripts were not offered into evidence during the trial, testimony from the depositions was referenced at least two times during the trial. Since [the court] did not find any of the information in document 116 scandalous or impertinent, there is not a basis to strike it from the record. Also, in reaching [the] verdict, [the court] considered only facts put forth at the trial and did not consider the deposition transcripts or inadmissible hearsay. At the time [Appellants] objected, document 116 had not been served on [the court] and [the court] had not had the opportunity to read much of it. [The court] informed counsel that [it] would have to read the document before deciding whether [to] consider anything in it. [The court] only considered [Appellees'] request for judgment relief in reaching [its] verdict.

Trial Ct. Op. at 6-7 (citations omitted).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Berg*, 189 A.3d at 1036. There is no indication on this record that the trial court considered matters or materials not in evidence at trial. In fact, the record belies Appellants' claim because the trial court specifically declined to consider documents attached to Appellees' post-trial submissions and reviewed and considered the post-trial filings of Appellees

and Appellants before rendering its post-trial orders. **See** Trial Ct. Op. at 6-7. Therefore, Appellants are not entitled to relief on this issue.

For these reasons, we affirm the judgment entered in favor of Appellees.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2022